SAMUEL A. HOWE, Appellant, v. THOMAS PATTERSON et ux., Respondents.

Appeals in Equity—Must be Tried Anew.—A suit in equity which has been fully tried in the Circuit Court and a decree therein rendered, must, if appealed, be tried anew upon the transcript and the evidence.

Idem—Testimony must Accompany the Transcript.—As the findings of fact and conclusions of law by the court below are not conclusive in a suit in equity, if appealed, this Court must look into the testimony and reach its own conclusions of fact as well as of law. Findings of fact by the court below in suits in equity are not conclusive in the appellate court.

Appeal from Columbia County.

The facts are stated in the opinion of the Court.

*Wm. Strong and T. N. Strong*, for Appellant.

*B. Killin and H. T. Bingham*, for Respondents.

By the Court, PRIM, J.:

This was a suit in equity brought by appellant against respondents to foreclose a mortgage upon certain real property described in the complaint, which was in the possession of and claimed by the respondents at the commencement of the suit.

It is alleged in the complaint that the mortgage was duly executed to appellant by Wm. T. Gillihan and wife to secure the payment of two promissory notes. That after the execution of said mortgage it was delivered by appellant to the County Clerk of Columbia County for record, and was recorded by him on page 204, in Book E of the record of deeds of said county. That several months after the execution of the mortgage, the mortgagors conveyed the same property to Eugene Semple and wife, by deed, which

was duly acknowledged and recorded, and that said Semple and wife, by their deed duly executed and acknowledged, conveyed the same to Patterson and wife, and this deed was also duly recorded.

The respondents answered denying all the allegations of the complaint, and setting up that they were subsequent purchasers in good faith for a valuable consideration, without notice either actual or constructive.

This cause having been heard in the court below upon the pleadings and evidence, the bill was dismissed, and it was ordered and decreed that the appellant pay the costs, from which order and decree he has appealed to this Court. It comes up to be "tried anew" upon the transcript, without any evidence accompanying it.

On examination, it appears that the decree contains certain conclusions of fact found by the judge, upon which he based certain conclusions of law, which counsel for appellant claims were erroneous, and can be reviewed here without any statement of the evidence. They undertake to base their assignments of error upon the conclusions of law, based upon the conclusions of fact found and set out in the decree. These, they claim, are all matters in writing and on file, and error can be assigned without any previous exception having been taken. To sustain this position they cite the Code, § 216, which provides that "upon the trial of an issue of fact by the court, its decision shall be given in writing and filed with the clerk. * * * The decision shall state the facts found and conclusions of law separately. Such decision shall be entered in the journal, and judgment entered thereon accordingly." Section 217 provides that "the order of proceedings on a trial by the court shall be the same as provided in trials by jury. The finding of the court upon the facts shall be deemed a verdict," etc. They also refer to § 230 of the Code, which provides that "no exception need be taken or allowed to any decision upon a matter of law, when the same is entered in the journal, or made wholly upon matters in writing and on file in the court."

By an examination of these provisions of the statute, it

will be seen that they relate wholly to trials in actions at law, and have no reference whatever to proceedings in equity.

The Civil Code (§ 533), provides that "upon an appeal from a judgment, the same shall only be reviewed as to questions of law appearing upon the transcript; but upon an appeal from a decree given in any court, the suit shall be tried anew upon the transcript and evidence accompanying it." This evidently means that it shall be tried over again on the facts as well as the law, and this cannot be done in the absence of the testimony. Under the law in force at the time this decree was rendered, and also at the time this appeal was taken, the only mode provided for bringing up the evidence in a chancery cause appealed, was by the statement provided for in § 526 of the Code.

It is insisted, by appellant's counsel, that the judge, on the hearing of this cause in the court below, having found certain conclusions of fact, and having inserted them in his decree, they are conclusive upon the parties on appeal. To this proposition we cannot assent. An appeal from a judgment, in an action at law, as provided for in our code, is in the nature of a writ of error at common law, because it expressly provides that "a judgment can only be reviewed as to questions of law appearing upon the transcript." Thus it will be seen that on appeals in actions at law, issues of fact cannot be reviewed by this Court. But, as it is provided that, on an appeal from a decree in a suit in equity, "the same shall be tried anew upon the transcript and evidence," it is obvious that where testimony was taken in the court below it must be brought here so this Court may try the cause anew, as well upon the facts as upon the law. An appeal is a process of civil law origin, and removes the cause entirely, subjecting the fact as well as the law to a review and retrial; but a writ of error is a process of common law origin, and it removes nothing for re-examination but the law. (3 Dall. 328.)

This view is decisive of the case, and renders it unnecessary to pass upon other very important questions so ably argued by the counsel of the respective parties.

The decree should be affirmed.