[Decided at PENDLETON July 31, 1897.]

## WYATT *v.* WYATT.

(49 Pac. 855.)

1. EQUITY APPEAL WITHOUT THE EVIDENCE.— The failure to bring up the evidence with the transcript on appeal renders it impossible to try the cause anew as provided by Hill's Ann. Laws, § 543, or to modify the findings of fact or correct the conclusions of law deducible therefrom, and leaves only for consideration the question whether the pleadings are sufficient: *Howe* v. *Patterson*, 5 Or. 353, followed.

2. CONSTRUCTION OF PLEADING.— In view of section 84, Hill's Ann. Laws, providing that the allegations of a pleading "shall be liberally construed, with a view of substantial justice between the parties," the inadvertent omission of the word "not" in a complaint will be cured by a decree for plaintiff: *Weiner* v. *Lee Shing*, 12 Or. 276, applied.

3. CREDITOR'S BILL — SUFFICIENCY OF COMPLAINT.— A creditor's bill that alleges the issuance of an execution and its return nulla bona is sufficient without an averment that the debtor has no property out of which the judgment can be satisfied: *Page* v. *Grant*, 9 Or. 116, followed.

4. MARRIED WOMEN — LEVY OF EXECUTION AGAINST HUSBAND.— In view of the liberal statutes in Oregon relating to married women, personal property transferred by a husband to his wife is not in his possession so that it can be seized under a writ against him.

From Union: ROBERT EAKIN, Judge.

Suit by M. F. Wyatt against C. G. and S. M. Wyatt to set aside certain transfers of property alleged to be fraudulent. Plaintiff prevailed and defendants appealed.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Thomas H. Crawford.*

For respondent there was a brief over the names of *Baker & Baker*, and *N. E. McLeod*, with an oral argument by *Messrs. McLeod* and *Joseph F. Baker.*

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is a suit to set aside a conveyance, and to subject the real property therein described to the satisfaction of plaintiff's judgment. It is alleged in the complaint that at all times therein mentioned the defendants, C. G. Wyatt and Sadie M. Wyatt were and are husband and wife; that about November, 1890, C. G. Wyatt became indebted to the plaintiff in the sum of $206.66 on account of money paid him at his request, and for his use and benefit; that he was then the owner of certain real property, particularly describing it, " and a large amount of personal property, the description of which is not known to the plaintiff"; that on September 28, 1895, plaintiff, having commenced an action in the Circuit Court of Union County against C. G. Wyatt to recover the amount so due, caused a summons to be issued therein and served on the said defendant, who, on October 2 of

that year, for the pretended consideration of $1,500, and with intent to defraud plaintiff and his other creditors, conveyed said real property to the said defendant Sadie M. Wyatt, and also sold and transferred to her, for a pretended consideration, all his personal property not exempt from execution, and that she still holds and claims all said property; that on November 4, 1895, by consideration of the circuit court, plaintiff obtained a judgment in said action against Wyatt for the sum of $206.66 and his costs and disbursements taxed at $100, and the same was duly entered in the judgment lien docket of Union County; that an execution issued on this judgment was delivered to the sheriff of said county for service, who, on December 4, 1895, returned the same wholly unsatisfied, and recited thereon that after diligent search and inquiry he had been and was unable to find any property belonging to C. G. Wyatt upon which to levy; "that said C. G. Wyatt had, at the time above mentioned, nor has he now, any other property than the real and personal property before mentioned and described, and that he is insolvent"; that said conveyance was voluntary, and made and accepted by the parties thereto with the fraudulent intent of placing the property out of the reach of this plaintiff and the other creditors of C. G. Wyatt. A demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of suit against either of the defendants having been overruled, an answer was filed which, after denying the material allegations of the complaint, alleged certain facts by way of affirmative defense. A reply having put in issue the

allegations of new matter contained in the answer, a trial was had before the court, which, after making findings of fact and law from the evidence taken, gave a decree for plaintiff, from which the defendants appeal, but the evidence so taken was not brought up with the transcript.

1.  It is contended by counsel for the defendants that, in the absence of the evidence, the case is before us on appeal upon the pleadings, findings of fact, and conclusions of law.   The statute provides that upon an appeal from a decree given in any court the suit shall be tried anew upon the transcript and evidence accompanying it: Hill's Ann. Laws, § 543.   In *Howe* v. *Patterson*, 5 Or. 353, an appeal from a decree having been taken, and the transcript filed without the evidence, it was contended by counsel for the appellant that the findings of fact set forth in the decree were conclusive upon the parties to the appeal; but it was held that the proposition insisted upon was untenable, the court saying: "An appeal from a judgment in an action at law, as provided for in our code, is in the nature of a writ of error at common law, because it expressly provides that a judgment can only be reviewed as to questions of law appearing upon the transcript. Thus it will be seen that on appeals in actions at law issues of fact cannot be reviewed by this court.   But, as it is provided that on an appeal from a decree in a suit in equity, 'the same shall be tried anew upon the transcript and evidence,' it is obvious that where testimony was taken in the court below, it must be brought here, so this court may try the cause anew, as well upon the facts as upon the law."   It would be impos-

sible to modify the findings of fact without having before us the evidence upon which they are predicated, or to correct conclusions of law not properly deducible therefrom. Yet it is quite clear that the modification of such findings and conclusions must, of necessity, be involved where a trial anew is had upon the "transcript and evidence." It follows that the cause cannot be tried anew in the absence of the evidence.

2. This being so, the only question before us for consideration is, does the complaint state facts sufficient to support the decree? Upon this question it is insisted that the complaint is fatally defective, because it fails to allege that the defendant C. G. Wyatt, at the time the suit was instituted, had no property out of which the debt might have been collected. In some jurisdictions this averment has been held to be essential, notably so in Indiana, where in *Brumbaugh* v. *Richcreek*, 127 Ind. 240 (22 Am. St. Rep. 649), McBRIDE, J., in discussing the subject, says: "In a suit by a creditor to set aside a conveyance of property on the ground that it was made to defraud creditors, an averment that at the time the suit was brought the debtor had no property out of which the debt might be collected, or an averment equivalent thereto, is material and necessary, and its omission is fatal." The reason upon which this rule is founded is that in a suit in the nature of a creditors' bill the right to uncover property alleged to have been fraudulently conveyed, and to subject it to the payment of the grantor's antecedent debts, rests upon the doctrine of necessity; but, if the debtor have other property, however, applicable to and out of which the creditor's demand may be satis-

fied, there is no necessity for a resort to this remedy, in which case a court of equity is powerless to set aside a voluntary conveyance; for so long as a person possesses reason, and owes no duty to another, he may make such disposition of his property as best pleases his fancy, and such court will not assume to act as his guardian; but when he is indebted to another his property, or sufficient thereof to satisfy his creditor's demands, is morally pledged as security therefor, in which case, if the debtor, with intent to hinder, delay, or defraud his creditors, transfer all his property to a party who accepts the title with knowledge of the grantor's intention, a court of equity, upon an allegation of the necessity therefor, will uncover the fraud, and set aside the conveyance; and, hence, in those jurisdictions where the rule prevails, the importance of alleging that at the time the suit was instituted the debtor had no property out of which his creditor's demands could be satisfied, or words of equivalent import. Examining the complaint in the light of this rule, it will be observed from the quoted paragraph that plaintiff inadvertently omitted the word "not" after the word "had," supplying which it would read as follows: "That said C. G. Wyatt had [not], at the times above mentioned, nor has now, any other property than the real and personal property before mentioned and described, and that he is insolvent." It is contended that this last clause, "that he is insolvent," is a legal conclusion not deducible from the facts averred. In the strict grammatical sense, this is no doubt true, but, reading the allegation in the light of the legal conclusion, it is manifest that the word "not"

has been omitted from the sentence. The decree can not supply any material fact ommited from the complaint, but it establishes every reasonable inference that is deducible therefrom: *Weiner* v. *Lee Shing*, 12 Or. 276 (7 Pac. 111). The statute provides that in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties: Hill's Ann. Laws, § 84. Reading the quoted paragraph of the complaint as a whole, in the light of the statute, it would appear to be reasonably inferable therefrom that the defendant C. G. Wyatt, at the time the suit was instituted, had no property except such as he had conveyed to his wife, out of which the plaintiff's judgment could have been satisfied, and any error in this respect is evidently cured by the decree.

3. But, however this may be, in *Page* v. *Grant*, 9 Or. 116, the same contention was made, in answering which the court say: "We do not think this proposition can be sustained. Courts of equity entertain jurisdiction in such cases, for the reason that the remedy at law has failed or proved ineffectual. The sheriff's return of the execution unsatisfied is the best evidence of such failure of the, remedy at law, and cannot be controverted: *Jones* v. *Green*, 68 U. S. (1 Wall.), 330; *McElwain* v. *Willis*, 9 Wend. 559. When a judgment creditor has issued an execution, and the sheriff has returned it unsatisfied, he has exhausted his legal remedy. See, also, Bump on Fraudulent Conveyances (2d ed.), 525. The plaintiff having alleged the issuance of a writ of execution, and its return nulla bona, if he had entirely omitted to aver that the defendant

C. G. Wyatt had no property out of which the judgment could have been satisfied, the facts stated were nevertheless sufficient to entitle him to the relief granted.

4.   It is also insisted by counsel for the defendants that the complaint shows that at the time this suit was commenced there was a large amount of personal property in the possession of and claimed by Sadie M. Wyatt which had been transferred to her for a pretended consideration, after plaintiff had instituted his action at law against her husband; that the wife's possession of such property is that of her husband; and, since he had a large quantity of personal property, it was sufficient to satisfy plaintiff's judgment and costs, without resorting to a suit in equity to set aside the deed.   The proposition contended for assumes that the allegation of a large amount of personal property is equivalent to an averment that it was of the value of $307.16, the amount of the judgment and costs and disbursements.   What might be considered by some as a large amount of property might not be so regarded by others; but, however this may be, it would be difficult indeed to say with any degree of certainty that the quantity of property alleged was of the value stated.   Assuming, however, that it was of this price, it does not follow, under the very liberal married woman's act of this state, that the possession of the wife is that of her husband, so that this property could have been levied upon as that of the defendant C. G. Wyatt.   The transfer of this property, as between the husband and wife, was valid (*Bradtfeldt* v. *Cooke*, 27 Or. 194, 50 Am. St. Rep. 701,

40 Pac. 1); and if Sadie M. Wyatt took possession of
it under the transfer, and exercised acts of ownership
over it, the presumption of fraud arising from the
failure to obtain possession of property capable of im-
mediate delivery is dispelled: Hill's Ann. Laws, § 776,
subd. 40; *Rule* v. *Bolles*, 27 Or. 368 (41 Pac. 691). The
court having granted the relief demanded, must neces-
sarily have found that Sadie M. Wyatt was in posses-
sion of the personal property at the time this suit was
instituted; and, the complaint having stated facts suffi-
cient to constitute a cause of suit, it follows that the
decree must be affirmed, and it is so ordered.

AFFIRMED.

[Decided November 15, 1897; rehearing denied.]