Decided 18 December, 1906.

## MORRISON'S ESTATE.

87 Pac. 1043.

NATURE OF PROBATE PROCEEDINGS.

1. Proceedings in county courts of Oregon, when such courts exercise probate jurisdiction, partake of the form of equity rather than law.

APPEAL—EQUITY PROCEEDINGS—REVIEW.

2. On an appeal from a decree in equity given in any court, the suit must be tried on the transcript and evidence accompanying it, as prescribed by B. & C. Comp. § 555.

APPEAL IN EQUITY—NO EVIDENCE—QUESTIONS REVIEWABLE.

3. Where, on an appeal from a decree in equity, no evidence is brought up to the appellate court, the only question reviewable is whether or not the pleadings are sufficient to uphold the decree.

PROBATE—PETITION AS COMPLAINT—WAIVER BY ANSWERING.

4. In a probate proceeding to require an executor to file a final report the petition is to be treated as a complaint, and fatal defects therein are not waived by answering, the practice being the same as prescribed by Section 72, B. & C. Comp., for civil cases.

EXECUTORS—PETITION FOR ORDER DIRECTING FINAL ACCOUNT.

5. A petition for an order requiring an executor or an administrator to file a final account must show that the estate is "fully administered," as stated in Section 1202, B. & C. Comp., or is ready for final settlement.

SAME—SUFFICIENCY OF PETITION—DUTY TO COLLECT ASSETS.

6. A petition by part of the heirs interested in an estate asking that the executor be directed to file a final report, in which it appears that the executor still has in his hands several notes, some of which are not due and others of which are of uncertain if any value, but it does not appear that the distributees have agreed to any distribution or disposal of the assets on hand is fatally defective, for the property on hand is incapable of ratable distribution, and should be reduced to money by the executor.

From Union: ROBERT EAKIN, Judge.

Proceeding by Cora L. Joel and another to compel P. A. McDonald, as administrator of the estate of John Morrison, deceased, to file a final account. From a judgment in favor of petitioners, defendant appeals.                    REVERSED.

For appellant there was a brief over the name of *Ramsey & Oliver*, with an oral argument by *Mr. Turner Oliver*.

For respondents there was a brief and an oral argument by *Mr. Charles H Finn*.

MR. JUSTICE MOORE delivered the opinion of the court.

This proceeding was instituted in the county court of Union County March 28, 1906, by Cora L. Joel and Minnie Goodman against P. A. McDonald, as administrator of the estate of John

Morrison, deceased, to compel the filing of a final account. The petitioners, for themselves and for their four brothers, naming them, state in their application, in effect, that Morrison died January 31, 1905, unmarried, without lineal descendant, and intestate, leaving in that county real and personal property; that McDonald was duly appointed as administrator of the decedent's estate by that court, and having qualified as such, gave the required notice to creditors, prepared and filed an inventory of the estate, showing the appraisement thereof to have been in cash $6,410.95, personal property, including notes and accounts, $12,388.70, and real estate, $12,275, making a total of $31,074.65; that on December 12, 1905, the administrator filed his first semiannual account, showing that he had received from the sale of personal property and from the collection of notes and accounts the sum of $3,487.51, and that he had paid out for all purposes $742.93, thus leaving in his hands in cash, including the money originally received, $9,155.53; that the estate owes no debts, and the money so in hand should be distributed or put at interest; that there are no existing contracts affecting any of the property of the estate to prevent a final settlement thereof; that the following are all the heirs at law of the deceased, naming them, and stating their respective degrees of relationship to Morrison, which, by reference to the petition for the appointment of the administrator, shows that the petitioners and their brothers are entitled as tenants in common to an undivided one-fourth of such estate by right of representation from their deceased mother; that all of such heirs are of age; and that McDonald had been requested by the petitioners to settle the estate, that the assets thereof might be distributed. A citation having been issued and served on McDonald, he demurred to the petition on the ground, *inter alia,* that it did not state facts sufficient to constitute a cause of suit against him, but what action, if any, was ever had upon this demurrer, is not disclosed. An answer to the petition was filed, stating that the administrator had tried to collect the promissory notes that were payable to the estate, some of which were good and would be paid after harvest; that certain other notes were doubtful, and an

attempt to collect them by action would incur costs and disburse-
ments, but the makers thereof had promised to pay them; and
that several other notes were not then due, setting out a list of
such commercial paper. A demurrer to the answer, on the
ground that the facts stated therein did not constitute a defense,
having been overruled, the court, in the same order, recited the
averments of the answer in respect to the condition of the prom-
issory notes, and thereupon denied the petition, and the petition-
ers appealed to the circuit court for that county, which reversed
the order of the county court and remanded the cause, with
directions to order the filing of a final account, in default of
which to remove the administrator, and he appeals from such
decree to this court.

1. The transcript does not contain any testimony, and the
defendant's counsel state in their brief that none was taken in
either court. The proceedings in the county court, when exer-
cising jurisdiction in probate matters, are required to be in
writing, and, though no particular pleadings or forms are pre-
scribed, the practice is in the nature of a suit in equity as dis-
tinguished from an action at law: B. & C. Comp. § 1100.

2. Upon an appeal from a decree in equity given in any court,
the suit must be tried upon the transcript and evidence accom-
panying it: B. & C. Comp. § 555.

3. If no evidence is brought up in such a case, the only ques-
tion to be considered is whether or not the pleadings are suffi-
cient to uphold the decree: *Howe* v. *Patterson,* 5 Or. 353;
*Wyatt* v. *Wyatt,* 31 Or. 531 (49 Pac. 855).

4. As the decree rendered in the circuit court is based on
the petition, the application to compel the administrator to file
a final account must be treated as a complaint, which, if it fails
to state facts sufficient to entitle the petitioners to the relief
prayed for, the defect in this respect was not waived by answer-
ing over, if it be assumed that the demurrer to the petition was
overruled: B. & C. Comp. § 72.

5. The sufficiency of the petition must be determined from an
examination of the statute prescribing the time of filing a final
account by the representative of a decedent's estate, which is as
follows:

"When the estate is fully administered, it shall be the duty of the executor or administrator to file his final account:" B. & C. Comp. § 1202.

It will be remembered that the petition states that the personal property, including notes and accounts, belonging to Morrison's estate, was appraised at $12,388.70, and that the administrator's semiannual account disclosed that he had received from the sale and collection of that class of assets the sum of $3,487.51; thus conclusively showing that he had in his possession at the time the account was filed personal property and notes and accounts that had been valued by the appraisers at $8,901.29. An administrator is required to collect the debts due the estate, and, if it appear that they remain uncollected through his fault, he is accountable therefor (B. & C. Comp. § 1206), but whether or not a reasonable time had elapsed for the performance of the duty thus imposed is not important, as the only question involved herein is the sufficiency of the petition.

In an application by a person interested in the ultimate accounting by an administrator or executor, the petition therefor must aver that the decedent's estate is ready for final settlement: 18 Cyc. 1132. The application in the case at bar does not comply with this requirement, nor does it allege that the estate "is fully administered," which fact is a condition precedent to the imposition of the duty on the decedent's representative to file a final account: B. & C. Comp. § 1202.

6. If it be assumed, however, that an averment that all the debts of the estate have been paid is equivalent to a declaration of the legal conclusion that the estate is fully administered, whereby the personal property, including the notes and accounts, devolve to the next of kin or distributees, it necessarily follows that all the heirs or persons interested must join in the application, as the petition, to compel the performance of the duty imposed on the representative, must allege that they had agreed among themselves to accept such assets in lieu of cash. Money, as a measure of the value of commodities, can be separated into ratable parts, while personal property, unless it is of the same kind and worth, it is not readily susceptible of an equal division.

Where this class of property, belonging to a decedent's estate, is to be distributed to several persons, reason establishes the rule that such assets should be converted into money in order that the proportional allotment might be facilitated. "The title to the personal property of a deceased person," says Mr. Justice BOISE, in *Winkle* v. *Winkle,* 8 Or. 193, "must be derived from the administrator through the orders of the court." An administrator or executor can transfer a chose in action to a distributee in payment, or on account of his share in an estate, and the latter may maintain an action thereon in his own name: *Weider* v. *Osborn,* 20 Or. 307 (25 Pac. 715).

If it be assumed that McDonald could assign a part of the promissory notes in his possession to the petitioners and their brothers, who are evidently entitled to an undivided one-fourth of Morrison's estate, and if it also be considered as true that they, as tenants in common, could secure such a title to the commercial paper as would authorize them to maintain actions thereon in their joint names, how is it possible to assign to them a ratable share of the choses in action, some of which are probably uncollectible, when it is remembered that three fourths of the notes belong to other heirs? If it be supposed that a lawful distribution of the personal property of a decedent's estate could be made to a part of the next of kin, who acquire a title thereto in their joint right, it might possibly be admitted that the remaining heirs could consent thereto, but the right to the assignment in such case would depend upon the agreement of all the interested parties. So, too, based on such assumption, all the distributees might stipulate that the personal property and choses in action, the proceeds of which would belong to them, might be divided in a specified manner, thus determining as between themselves that the estate was fully administered and possibly necessitating an ultimate settlement of their property interests, but in such case the right to insist upon the filing of a final account must depend upon the agreement. The contract whereby they stipulate, respectively, to receive specific articles of personal property or certain choses in action, or that such part of the estate may be converted into money by some other

person for their use and benefit, being the basis of their right, such agreement must necessarily be alleged, in order to enable them to secure a surrender of the property by the administrator or executor and the filing of a final account by him.

The petition in the case at bar fails in these respects, and hence it does not state facts sufficient to entitle the petitioners to the relief sought, and, this being so, the decree of the circuit court is reversed and the order of the county court affirmed.

AFFIRMED.