Argued January 2, decided January 9, 1912.

MATTHEWS *v.* MATTHEWS.

[119 Pac. 766.]

DIVORCE—CUSTODY OF CHILDREN OF PARTIES—DISCRETION OF COURT.

1. Under Subdivision 1, Section 513, L. O. L., empowering the court granting a divorce, to provide for the care of minor children of the marriage as it may deem just, in view of their age and sex, the exercise of the court's discretion in granting a husband a divorce on the ground of the wife's cruel treatment, and finding that the wife is a woman of good moral character, who has been guilty of indiscreet conduct which age and experience will correct, and in awarding to the wife a girl four years old, will not be disturbed on appeal.

APPEAL AND ERROR—REVIEW—TRIAL DE NOVO—RECORD.

2. Where, in a divorce case, the evidence is not brought up on appeal, the court cannot review that part of the decree awarding custody of a four year old daughter to the wife, or the finding that, though she was guilty of cruelty entitling the husband to divorce, she was only indiscreet, and was of good moral character and proper to have the custody of the daughter.

DIVORCE—CUSTODY OF MINOR CHILDREN—JURISDICTION OF COURT.

3. A provision in a decree of divorce which awards the custody of a minor child to one of the parties is merely tentative, and the other party may apply for a modification of the provision on a showing that it is not for the best interests of the child that it be permitted to remain in such custody.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by M. E. Matthews against L. F. Matthews for divorce; the alleged grounds being cruel and inhuman treatment. Defendant answered, denying the allegations of the complaint, and by cross-complaint claimed a divorce from plaintiff: (1) On the ground of adultery with one Monroe Purvine. (2) On the ground of cruel and inhuman treatment. The court denied plaintiff's prayer for a divorce, and decreed one to defendant upon the second ground set up in the cross-complaint, but gave the custody of the minor child to plaintiff.

The findings material to this appeal are as follows:

"(2) That plaintiff did not commit adultery with Monroe Purvine at his house in Polk County, Oregon, between the 27th day of December, 1909, and the 8th day of April, 1910, or at any other time."

"(3) That the defendant treated plaintiff in a kind and affectionate manner during all their married life, but the plaintiff treated defendant in a cruel and inhuman manner and in a cold and indifferent manner, and became of a quarrelsome and scolding disposition, and frequently complained and quarreled with defendant about matters of no moment or importance, and associated with one Monroe Purvine, and allowed said Purvine to pay attention to her, against the will and without the consent of the defendant; and plaintiff expressed by words and actions her dislike of the defendant, and allowed said Purvine to treat her in the most affectionate manner, and to embrace her and kiss her; and that plaintiff told defendant that she thought more of said Purvine than she did of defendant; and that the defendant attempted

to induce plaintiff to cease her attentions to and associations with the said Purvine, but the plaintiff refused so to do, and in the hearing of defendant, plaintiff asked the said Purvine if he would wait for her one year; and that said treatment of the defendant by the plaintiff was cruel and inhuman, and caused defendant great mental and physical suffering and anguish, and rendered defendant's life burdensome, so that defendant could not endure said treatment by the plaintiff any longer."

"(5) That, aside from the cruel treatment of the defendant by the plaintiff, and plaintiff's indiscretions in her conduct with said Purvine, plaintiff is not of a bad or immoral character, but is of a good and moral character, and is a proper person and competent and qualified to have the care, custody, and control of said minor child, Lucille Matthews, and plaintiff has a good home with her mother, Mrs. Gilmore, at St. Johns, in the County of Multnomah, Oregon, where she is able to care for, maintain, and educate the said minor child in the manner befitting its and her station in life."

Defendant appeals from that portion of the decree giving the custody of the child to plaintiff. The evidence was not brought up; the defendant relying wholly upon the transcript to reverse the decree.        AFFIRMED.

For appellant there was a brief over the names of *Messrs. Carson & Brown* and *Mr. John H. Stevenson* with an oral argument by *Mr. Thomas Brown.*

For respondent there was a brief over the names of *Messrs. Jeffrey & Lenon,* with an oral argument by *Mr. John A. Jeffrey.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. There is no inflexible rule which controls the discretion of the court in providing for the custody of a minor child in cases of this character. Subdivision 1, Section 513, L. O. L., provides that the court shall have power to further decree "for the future care and custody of the minor children of the marriage, as it may

deem just and proper, having due regard to the age and sex of such children, and unless otherwise manifestly improper, giving the preference to the party not in fault."

There have been few appeals to this court from adjudications in such cases. Three are cited by counsel for appellant, and these we will now consider.

In *Jackson* v. *Jackson*, 8 Or. 402, the Supreme Court had the testimony before it, upon which it decided that the mother was not a woman of good moral character, and that the father was a suitable person to have the custody of the child. In this case the court below had given the custody of the infant to the maternal grandfather, and not to the mother. In respect to this part of the decree, the court say:

"This, however, is virtually placing it under her control, as she also resides with him. As between the father and grandfather of a child, the former certainly has a better right to its care and custody, unless he is manifestly an improper person to take charge of it, which does not appear to be so in this case."

In *Lambert* v. *Lambert*, 16 Or. 485 (19 Pac. 459), the father of the minor obtained the divorce, and the court gave the custody of the child to the mother. The evidence was before the court on appeal, and was considered by them, and upon that evidence they gave the custody of the child, not to the father, but to J. H. Lambert, the grandfather. The court, after considering the evidence, say:

"The testimony shows that the appellant is engaged in business, and much better able to support the child than the respondent, and its age and sex favor his being given such preference. We are of the opinion, in the absence of a finding and proof, that it would have been improper to award the care and custody of the child to the appellant; the circuit court was not justified in giving the respondent the preference in that regard."

There seems to be a hiatus between the premise laid
down by the court, namely, that the father was entitled
to the custody of the minor, and the final conclusion
reached, that the custody should be given to the grand-
father. The fact seems to be that the court did what
courts usually do in these cases—gave the custody of the
child to the person most likely to look after its welfare.
It is true that the court incidentally mentions the fact
that no finding had been made that the father was an
improper person to be intrusted with the care of the
infant, but, as we shall presently show, such finding
would have had no controlling influence, if it had been
made.

*Barnes* v. *Long,* 54 Or. 548 (104 Pac. 296: 25 L. R. A.
[N. S.] 172), was a *habeas corpus* proceeding, brought
by the father of a minor against its maternal grand-
mother. The mother had been given the custody of the
child in divorce proceedings, and subsequently died. The
grandmother, without any order of the court, attempted
to retain its custody as against the father. The court
held that, in the absence of any showing that the father
was an improper person to care for the child, he was
entitled to its custody. The case does not seem to be in
point here.

If we take the findings here as importing absolute
verity, it appears that the plaintiff is not an adulteress,
and that she is a woman of good moral character, who
has been guilty of certain indiscreet conduct which age
and experience will, no doubt, correct. The trial judge
had the parties before him and heard the testimony, and,
in the absence of these, we must conclude that he found
correctly. If defendant had desired an affirmative
finding as to his qualifications to care for the child, he,
no doubt, could have obtained it by a request to that
effect. It appears that the child is a little girl under
four years of age, and the court, no doubt, concluded,

and perhaps correctly, that she would, for the present, be better off in the care of her mother than anywhere else, and we are not disposed to reverse his decree.

2. In addition to what has already been said, we do not feel that, as a matter of law, we have any jurisdiction to pass on the matter on this appeal. Suits in equity are tried *de novo* in this court. While the findings of the lower court in an equity case may be, to some extent, advisory, in cases where the testimony is conflicting, and where the circuit judge had an opportunity of hearing and seeing the witnesses and thereby judging of their credibility; yet, when brought here on appeal, unaccompanied by the testimony, they present nothing from which this court can find any fact or base any conclusion of law. Upon appeal in such cases, this court must make its own findings, and this it cannot do in the absence of testimony. The reason for this is plain. A court may make a wrong finding, or one not justified by the testimony, and yet render a correct and righteous decree. In this case the court found that the plaintiff was not immoral, but that she had been indiscreet. It might be that with the testimony before us we would conclude that she was both or neither. We are not concerned with the findings of the lower court, but with the facts produced before it on the trial, and these are not before us.

Following this view, it has been many times held by this court, that an appeal, which brings up only the decree and findings of the lower court, presents only one question for review here, namely, the sufficiency of the pleadings.

*Howe* v. *Patterson,* 5 Or. 353, is a case where the transcript contained only the pleadings and the decree and findings of facts, without any evidence accompanying it. This court, in affirming the decree of the lower court, say:

"The Civil Code (Section 533) provides that 'upon an appeal from a judgment, the same shall only be reviewed

as to questions of law appearing upon the transcript; but upon an appeal from a decree given in any court, the suit shall be tried anew upon the transcript and evidence accompanying it.' This evidently means that it shall be tried over again on the facts, as well as the law, and this cannot be done in the absence of the testimony * * It is insisted, by appellant's counsel that, the judge, on the hearing of this cause in the court below, having found certain conclusions of fact, and having inserted them in his decree, they are conclusive upon the parties on appeal. To this proposition we cannot assent. An appeal from a judgment, in an action at law, as provided for in our Code, is in the nature of a writ of error at common law, because it expressly provides that 'a judgment can only be reviewed as to questions of law appearing upon the transcript.' Thus it will be seen that on appeals in actions at law issues of fact cannot be reviewed by this court. But, as it is provided that, on an appeal from a decree in a suit in equity, 'the same shall be tried anew upon the transcript and evidence,' it is obvious that where testimony was taken in the court below it must be brought here, so this court may try the cause anew, as well upon the facts as upon the law."

In *Wyatt* v. *Wyatt*, 31 Or. 531 (49 Pac. 855), the case of *Howe* v. *Patterson* is quoted and expressly approved; Mr. Chief Justice MOORE saying:

"It would be impossible to modify the findings of fact without having before us the evidence upon which they are predicated, or to correct conclusions of law not properly deducible therefrom. * * This being so, the only question before us for consideration is, Does the complaint state facts sufficient to support the decree?"

See, also, Morrison's Estate, 48 Or. 612 (87 Pac. 1043).

3. In many instances, these orders are merely tentative, and in this case, if it should transpire that plaintiff has proved unfaithful to the trust committed to her, or that her conduct is such that it is not for the best interest of the child to permit her to longer retain its custody,

defendant has always an adequate remedy by applying to the court for a modification of this portion of its decree.

For the reason heretofore assigned, the decree of the circuit court will be affirmed.    ·    AFFIRMED.