## O'CONNOR v. TOWEY.

(140 Pac. 625.)

**Appeal and Error—Dismissal—Grounds.**

1. That the record on appeal does not contain all the evidence introduced upon the trial, nor sufficient to enable the court to review the cause, is not a ground for dismissal of the appeal, but only for refusal to consider any matter other than the sufficiency of the pleadings.

**Appeal and Error—Record—Abstract—Requisites.**

2. Under Section 554, L. O. L., as amended by Laws of 1913, page 618, requiring the appellant to file a transcript or such an abstract as the law or the rules of the appellate court may require, together with a copy of the judgment or decree, the notice of appeal, and proof of service thereof, and of the undertaking on appeal, it is not necessary that the abstract contain the findings of fact, conclusions of law, and notice of and undertaking on appeal; it being sufficient that the transcript contains these records.

**Appeal and Error—Undertaking—Signature of Appellant.**

3. Under Section 551, L. O. L., requiring the undertaking of the appellant with one or more sureties, it is not necessary that the undertaking be signed by the appellant.

From Multnomah: HENRY E. McGINN, Judge.

This is a suit by Charlotta A. O'Connor against Mary Towey, and Patrick Towey, by J. H. Fox, his guardian, intervenes. The lower court rendered a decree in favor of defendant, Mary Towey, and plaintiff appeals. Respondent now moves to dismiss appeal. Motion denied. Afterward on May 19, 1914, the appeal is dismissed without costs to either party.

DISMISSED.

*Mr. Arthur I. Moulton,* for the motion.

*Mr. P. J. Bannon* and *Mr. Julius N. Hart, contra.*

In Banc. MR. JUSTICE McNARY delivered the opinion of the court.

1. This is a motion to dismiss an appeal. The first reason assigned goes to the insufficiency of the evidentiary record, in this: That the record filed ''does not contain all the evidence introduced upon the trial of the above-entitled cause, nor sufficient thereof to enable the court to review the entitled cause.'' This is not a ground for the dismissal of an appeal from a decree. The only penalty visited upon appellant who is responsible for such a situation is the refusal of the court to consider any matter other than the sufficiency of the pleadings: *Wyatt* v. *Wyatt,* 31 Or. 534 (49 Pac. 855); *Morrison's Estate,* 48 Or. 614 (87 Pac. 1043).

2. Another ground assigned in support of the motion is that the abstract of record does not contain the findings of fact, conclusions of law, notice of and an undertaking on appeal. This is not necessary. The transcript contains these various records and documents, which is conformable to the practice pre-

scribed by the code in Section 554, L. O. L., as amended by the Laws of 1913, page 618.

3. Still another ground of assignment questions the sufficiency of the undertaking on appeal, in this: That it is not signed by the appellant, but is signed by two sureties who guarantee the fulfillment of those obligations prescribed by Section 551, L. O. L. The statute does not require the appellant to sign an undertaking. He is bound by the judgment, and the purpose of the undertaking is simply to assure respondent that appellant will pay all damages, costs, and disbursements which may be awarded against him on the appeal, and which guaranty comes not from the plaintiff, but through the medium of the sureties who sign his bond: *Joan Drouilhat* v. *John Rottner, Surety,* 13 Or. 493 (11 Pac. 221); *Elliott* v. *Bozorth,* 52 Or. 391 (97 Pac. 632).

One other reason is given why the appeal should be dismissed, but we deem it unimportant.

The motion to dismiss this appeal must be disallowed.                          MOTION DENIED.

[NOTE.—See statement of the case where appeal was dismissed without costs.—REPORTER.]