Argued April 12, affirmed April 24, 1923.

# WOOD v. SCHOOL DISTRICT NO. 13 ET AL.

(214 Pac. 589.)

**Appeal and Error—On Failure to Present Transcript of Testimony in Suit in Equity, Only Pleadings can be Considered.**

1. Under Section 556, Or. L., providing that, on appeal from a decree given in any court, the suit shall be tried anew on the transcript and evidence accompanying it, and section 544, subd. 1, requiring the clerk to attach together testimony, depositions, etc., containing the evidence, and deliver it, and that such evidence should be filed with and considered a part of the transcript or abstract, on an appeal from a decree dismissing a suit to enjoin issuing or disposing of bonds of a school district, where the transcript of testimony was lacking, the only question to be considered is whether the pleadings are sufficient to uphold the decree, and where they are sufficient the decree of the trial court must be affirmed.

**Appeal and Error—On Appeal from a Decree in Equity, Suit is Tried Anew, Both as to Law and Facts.**

2. On an appeal from a decree rendered in an equity suit, the Supreme Court tries the cause anew, both on the law and on the facts.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. George P. Lent.*

For respondent there was a brief over the names of *Mr. John W. Shuler* and *Messrs. Teal, Minor & Winfree,* with an oral argument by *Mr. Shuler.*

RAND, J.—Plaintiff, a taxpayer of School District No. 13 of Multnomah County, Oregon, brought this suit on behalf of himself, and all others similarly situated, against said school district and the school directors thereof and the treasurer of said county, to restrain them from issuing or disposing of the bonds of the district.

This suit was put in issue and was tried in the Circuit Court for said county, and, based upon the findings of fact and conclusions of law of the trial judge, a decree was made and entered therein dismissing plaintiff's suit. Plaintiff appeals from this decree, but has failed to bring the transcript of the evidence, and there is nothing in the record disclosing any testimony given or offered on the trial.

1. Under the statute "upon an appeal from a decree given in any court the suit shall be tried anew upon the transcript and evidence accompanying it." Sec. 556, Or. L. By subdivision 1 of Section 554, it is provided that "if the appeal is from a decree and the cause is to be tried anew on the testimony, the clerk shall attach together the testimony, depositions and other papers on file in his office containing the evidence heard or offered on trial in the court below, and deliver the same," etc. " * * Such evidence shall be deemed a part of the transcript or abstract, and shall be filed therewith."

2. Upon an appeal from a decree rendered in a suit, this court tries the cause anew, both upon the law and upon the facts. As the transcript of testimony is lacking, there is nothing before us from which we can determine that the lower court reached a wrong conclusion and the only question to be considered by us is whether or not the pleadings are sufficient to uphold the decree. The plaintiff makes no contention that the pleadings in the lower court were insufficient for that purpose, and after a careful examination of the pleadings, we find that they are sufficient to uphold the decree entered. Hence, under the following authorities, this being a suit in equity, we are compelled to affirm the decree: *Howe* v. *Patterson,* 5 Or. 353; *Wyatt* v. *Wyatt,* 31 Or. 531

(49 Pac. 855); *Morrison's Estate,* 48 Or. 612 (87 Pac. 1043); *Scott* v. *Smith,* 58 Or. 591 (115 Pac. 969); *Matthews* v. *Matthews,* 60 Or. 451 (119 Pac. 766); *Neal* v. *Roach,* 61 Or. 513 (107 Pac. 475); *O'Conner* v. *Towey,* 70 Or. 399 (140 Pac. 625); *United States National Bank* v. *Shefler,* 77 Or. 579 (143 Pac. 51, 152 Pac. 234); *Nealan* v. *Ring,* 98 Or. 490 (184 Pac. 275, 193 Pac. 199, 747).

Therefore, nothing remains for us to do but to affirm the decree, and it is so ordered.     AFFIRMED.

McBRIDE, C. J., BURNETT and HARRIS, JJ., concur.