Argued November 2, 1966, affirmed February 15, 1967

EVERGREEN TIMBER COMPANY, INC.,
*Appellant, v.* HOOD RIVER COUNTY,
*Respondent.*

423 P. 2d 963

*Kenneth M. Abraham,* Hood River, argued the cause for appellant. On the brief were Parker & Abraham, Hood River.

*Carl R. Neil,* Portland, argued the cause for respondent. With him on the brief were John F. Cush-

man, District Attorney, Hood River, and Gunther F. Krause and Krause, Lindsay & Nahstoll, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PER CURIAM.

This is a suit to quiet title to certain timber lands. The plaintiff, Evergreen, claims title under conveyances from purported predecessors in title, and the county claims by adverse possession under a 1927 tax foreclosure. The county also asserts under ORS 312.230 that the validity of the 1927 foreclosure cannot be questioned in a collateral attack.

The trial court held the tax title void because the foreclosure list as published had named one Viola Hecker, a former owner of the land, as owner, whereas the latest tax rolls of the county had named John and Nellie Muir as owners. The fact was that the Muirs had purchased from the Hecker heirs, but had not made of record the probate orders necessary to fill out their chain of title. Viola Hecker was thus listed as owner. The trial court held, however, that notwithstanding the defect in the tax title, the county had acquired title by some 35 years of adverse possession.

While Evergreen's appeal challenges only the finding of adverse possession, the appeal reopens the whole record, and since the suit is one in equity, we are required to consider it *de novo* on the record. So considered, we deem it unnecessary to re-examine the issue of adverse possession, because ORS 312.230, if constitutional, bars this suit.

■ For the reasons set forth in *Hood River County v. Dabney,* decided this day, involving the same statute as applied to similar defects in the same foreclosure, we find no basis for holding ORS 312.230 (1) unconstitutional.

Affirmed.