Argued April 27, affirmed June 25, petition for rehearing
denied July 21, 1970

NICHOLS, *Respondent, v.* NICHOLS, *Appellant.*

471 P2d 841

*Ernest Lundeen,* Eugene, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

A default decree of divorce was granted to the plaintiff in July, 1964. The decree gave plaintiff custody of Lynda Dawn Nichols, the minor child of the parties. Both parties thereafter petitioned the court for relief on several occasions. As the result of one such petition, the court modified the decree by granting custody of the child to the defendant. The order here appealed from was entered June 3, 1969, *nunc pro tunc* as of May 23, 1969, following an evidentiary hearing on February 5, 1969. That order re-transferred the custody of the minor child from the defendant to the plaintiff.

Prior to the entry of the challenged order, the trial court announced its intention of ordering, receiving and reading a report to be prepared by the juvenile department of Multnomah County concerning the home situation and background of the plaintiff mother. At the time the court announced its intention of ordering the report, it ordered that the report be kept confidential by the attorneys. In due course, the court received and did consider the report. Neither party objected to the procedure proposed by the trial judge and neither sought to have the report placed in evidence.

Defendant seeks reversal on appeal. The report by the juvenile department was not admitted into evi-

dence as provided by ORS 107.430, and was not made a part of the record. An appeal from an order allowing or denying a change of custody is heard de novo in the appellate court. In *Rea v. Rea*, 195 Or 252, 262, 245 P2d 884 (1952), the trial court's independent investigation and a "report from a disinterested party" were not available to the Supreme Court. In affirming the custody order, the court said:

> "* * * We understand the general rule to be that this court will not try a case de novo unless it has before it all of the evidence on which the trial court based its decision. The theory of trial de novo is that the Supreme Court is reviewing the identical case which the trial court decided. A failure to bring up the evidence on appeal in equity renders it impossible to try the case anew as required by OCLA, § 10–810. *Wyatt v. Wyatt*, 31 Or 531, 49 P 855; *Wood v. School District No. 13, et al*, 107 Or 280, 214 P 589. This general principle appears to be applicable here. Technically, the 'evidence' received in court appears in the record. Actually the record does not disclose the factual basis of the trial court's decision. For this court to retry the case on the 'evidence' alone would be to try a different case from that decided by the trial court. This we are not required to do."

■ By failing to object at the time the court stated its intention of ordering and reading the report, the parties are deemed to have acquiesced in the procedure. In *Green v. Haugen*, 1 Or App 1, 457 P2d 655 (1969), the court said:

> "* * * Since, however, neither party objected to such procedure or sought to have the report made a part of the record, thereby waiving any claim of error, we do not consider it. * * *"

■ The reason for the rule that an appellate court will not retry the case de novo when the record is incom-

plete is well expressed in *Rea v. Rea,* supra, at page 279:

"If parties acquiesce in an independent investigation they do so charged with knowledge that upon appeal this court will not, because it cannot, try the issue of custody de novo, since the record here will be incomplete. Conscious of the fact that the trial judge, aided by his staff, is in a better position to determine custody than is this court, we see no objection to a procedure whereby parties, in effect, agree that the decision of the trial judge who has had the benefit of testimony in open court, plus independent investigation, shall be final. We hold that consent to such procedure or informed acquiescence therein by the parties, may properly be construed to constitute a waiver of objections to such independent investigation; and consequently, to be a waiver of the right to trial de novo on the specific issue of custody."

Affirmed.