Argued February 16, affirmed April 8, 1971

SHIFFER, *Appellant, v.* BIRCH et ux,
*Respondents.*

483 P2d 478

*Ernest Lundeen,* Eugene, argued the cause and filed the brief for appellant.

*David B. Williamson,* St. Helens, argued the cause for respondents. With him on the brief were Williamson & Whipple, St. Helens.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

This is an appeal from a judgment of the circuit court of Columbia County in a controversy over the disposition of certain cash and other personal property which plaintiff contended rightfully belonged to the estate of Elmer Burroughs, deceased. Plaintiff, who is one of decedent's three daughters (who were sole heirs of the decedent) filed this action in the circuit court for Lane County against the defendants, who are the second daughter and the latter's husband, claiming that defendants had wrongfully converted cash and other assets of the estate. She demanded double damages for the alleged conversion under ORS 116.325.[①] The third daughter, although called as a witness by defendants, was not a party. The case was subsequently transferred to Columbia County for trial when defendants moved for a change of venue on the ground that the action should have been filed in the county where defendants reside.

The trial court held (1) that the decedent was a resident and inhabitant of Marion County at his death; (2) that before his death he had disposed of his property according to his wishes; (3) that plaintiff was not entitled to possession of the cash allegedly converted; (4) that the decedent's personal property was available for distribution to those entitled to it; and (5) that plaintiff was not entitled to any judgment against defendants.

Plaintiff assigns as error each of the above findings.

Plaintiff did not furnish this court with a complete transcript of the testimony given at the trial.

---

① Repealed by Oregon Laws 1969, ch 591, effective July 1, 1970 (new probate code, ORS Title 12).

Piecing the facts together from the briefs, the trial court file and the partial transcript of testimony, it appears that the decedent was a widower and the father of three adopted daughters. Although formerly a California resident, he severed his ties there and moved to Salem, Marion County, Oregon, some time in 1966. He resided in Salem at the home of defendants for one year where he had a room. All his personal effects were there. He also had a savings account in a Salem bank containing about $12,000, which was his principal asset. He owned no real property. Decedent was in poor health, and on April 25, 1967, he executed a will in Salem, bequeathing and devising all his property to the three daughters above referred to, share and share alike, and naming two daughters, plaintiff and defendant Ruth C. Birch, as coexecutrices of his will. Some time later he was hospitalized in Salem.

On September 1, 1967, apparently in an effort to avoid the expense of probate, but without, however, canceling his will, he executed a general power of attorney to defendant Raymond Birch and directed that Birch divide the moneys in his bank account between the three daughters, except for approximately $2,700, which was to be retained to pay his medical expenses and all other bills. This was done, and the checks were written and delivered to each of the three daughters. Some time later the decedent was transferred to a nursing home near Salem. Thereafter he was moved to a hospital in Linn County; then to a nursing home in Lane County a few months before his death on May 22, 1968.

Eight months later, and on or about January 29, 1969, plaintiff filed a petition in Lane County offering the will for probate and requesting that she be appointed sole executrix of the will. The will was

thereupon admitted to probate, and letters testamentary issued to plaintiff February 3, 1969. The decedent's personal effects had remained in Marion County. The plaintiff did not go there to claim possession; instead, she demanded that defendants deliver them to her in Creswell.

Plaintiff, on March 4, 1969, caused a citation to be issued to defendants requiring them to appear in the circuit court for Lane County on March 31 and answer questions concerning property of decedent. The record does not show if the citation was ever served or what proceedings, if any, took place on this citation. In any event the defendants did not deliver the property to plaintiff, as requested. On June 2, 1969, plaintiff filed this action. Defendant filed a general denial and the case was tried to the court without a jury.

As already indicated, the record before this court does not include a complete transcript of the testimony. Instead, plaintiff has furnished us with a transcript of the testimony of certain selected witnesses, or portions thereof. For this reason we are precluded from reviewing the testimony taken in the trial court. *State v. Sluder,* 1 Or App 457, 463 P2d 594 (1970); *State v. Boyd,* 3 Or App 222, 472 P2d 844 (1970).

At the trial as well as on appeal, defendants attacked the Lane County probate court's determination of residence for purposes of issuance of letters testamentary to plaintiff. As noted above, the trial court found, *inter alia,* that the decedent was a resident and inhabitant of Marion County at the time of his death. Plaintiff makes this finding her first assignment of error. It may be that this finding amounted to approving an improper collateral attack on the judgment of the probate court of Lane County. How-

ever, since other findings by the trial court are determinative of this case, we need not consider the claimed impropriety of the asserted collateral attack.

As to plaintiff's remaining assignments of error, since the plaintiff did not provide this court with a complete transcript of the testimony, we cannot say whether or not the trial court erred in those particulars claimed by plaintiff. There is nothing further for this court to review. *State v. Sluder*; *State v. Boyd,* both supra.

The judgment below is affirmed.