Argued July 18, affirmed October 14, 1974

MOORE, *Appellant, v.* BROWN and BURKE,
*Respondents.*

527 P2d 132

*L. B. Sandblast,* Portland, argued the cause and filed the brief for appellant.

*Milton O. Brown,* Portland, argued the cause and filed the brief for respondent Milton O. Brown, pro se.

*Ernest W. Kissling,* Portland, argued the cause and filed the brief for respondent Edna Burke.

Before Fort, Presiding Judge, and Thornton and Holman, Judges.

THORNTON, J.

Plaintiff, alleging that she is the administratrix with the will annexed of the estate of Esther Baker, deceased, brought suit against Edna Burke and Milton Brown to compel defendants (1) to convey certain residential property to plaintiff and four other heirs

at law of the decedent, and (2) to account for rents and profits allegedly due plaintiff on account of defendants' possession and control of the subject property since 1967.

The gist of plaintiff's complaint is as follows: That in 1952 plaintiff's decedent entered into a lease-option contract with a third-party vendor to purchase the subject property; that in 1968 decedent became too ill to manage the property, and assigned her interest in the contract to defendants; that this assignment was made with the understanding that defendants would collect the rents, make the monthly contract payments, manage the property (alleged to be worth $8,500), and convey the property to plaintiff's decedent or her children when the unpaid balance of some $1,500 was paid to the vendor; that the final payment was made in 1971 at which time the property was conveyed to defendant Brown who then conveyed an undivided one-half interest to defendant Burke; that defendants are now in possession of the premises, purporting to be the lawful owners thereof.

Defendant Brown was formerly decedent's attorney. Defendant Burke was decedent's sister.

Defendants filed separate answers, each admitting that he and she respectively were co-owners of the subject property but alleging lack of sufficient knowledge to admit or deny plaintiff's allegations concerning the heirs and denying plaintiff's allegations relative to the claimed agreement to convey the property to plaintiff's decedent.

Following a trial on the merits the trial court held:
"1. Defendant, Milton O. Brown has no legal interest in the subject property located at 2711 N.

Albina in the City of Portland, legally described as: Lot 10, Block 7, Proebstel Addition, City of Portland, County of Multnomah, State of Oregon.

"2. Defendant, Milton O. Brown shall forthwith execute a deed transferring a life estate in said property to defendant, Edna Burke, with the remaining interest in the surviving children of Esther Baker, namely Martha Moore, Billy R. Williams, Georgie Ann Baker, Annie Lee Ross, and Mary Elizabeth Baker share and share alike.

"3. Defendant, Edna Burke shall be entitled to one hundred percent (100%) of all income received from said property for the rest of her life.

"4. Defendant, Edna Burke shall execute a present deed reserving unto herself a life estate in said property and transfering [sic] the remainder interest to the surviving children of the deceased, Esther Baker, namely Martha Moore, Billy R. Williams, Georgie Ann Baker, Annie Lee Ross, and Mary Elizabeth Baker share and share alike.

"5. If said property shall be sold prior to the death of defendant, Edna Burke, the present value of Edna Burke's life estate is determined to be three thousand ($3,000) dollars as of the date of this decree.

"* * * * *"

Plaintiff assigns as error the following:

(1) "The court erred in decreeing that plaintiff should pay Edna Burke $3,000.00 or any other sum for the reason that she, Edna Burke, failed to either plead or prove anything that would support such a provision."

(2) "The Court erred in holding that defendant Edna Burke had any interest in the property after the plaintiff Esther Baker died."

■ Neither of defendants cross-appealed, although defendant Burke argues in her brief that the trial court erred in its findings and conclusions, and that she

should have been declared the owner in fee simple absolute of the subject property. Since defendant Burke did not cross-appeal she cannot urge the inadequacy of the award in her favor. *Beard v. Beard,* 232 Or 552, 557, 376 P2d 404 (1962); *In re Waters of Umatilla River,* 88 Or 376, 168 P 922, 172 P 97 (1918); *Flinn v. Vaughn,* 55 Or 372, 106 P 642 (1910). Defendant Brown in his brief argues that in his view of, the facts he did not acquire the property illegally, but concedes that he should not have represented his former client, the decedent, on a contingency fee basis in this transaction.

Plaintiff did not furnish this court with a complete transcript of the testimony given at the trial. Instead we have been provided only with a transcript of testimony of certain selected witnesses, or portions thereof, and what appears to be proceedings at the post-trial hearing on plaintiff's objections to the court's findings and conclusions and plaintiff's motion for a new trial.

Although a literal reading of ORS 19.029, standing alone, without considering ORS 19.125 (3),[1] could arguably support plaintiff's contention that a full transcript of all the testimony and evidence below is not always required where the appeal is from a portion of a decree only, ORS 19.125 (3) expressly provides that review in an equity case be de novo on the record. A statute must be read in connection with all statutes relating to the same subject matter. *State v. Popiel,* 216 Or 140, 337 P2d 303 (1959). Where there is one statute dealing with the subject in general and com-

[1] ORS 19.125 (3) provides:

"Upon an appeal from a decree in a suit in equity, the cause shall be tried anew upon the record."

prehensive terms, and another dealing with part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to consistent legislative policy; but to the extent of any necessary repugnancy between them, the statute dealing with the common subject matter in a minute way will prevail over the general statute. *State v. Pearson,* 250 Or 54, 440 P2d 229 (1968); *Appleton et al v. Oregon Iron & Steel Co.,* 229 Or 81, 358 P2d 260, 366 P2d 174 (1961); *Colby v. Larson,* 208 Or 121, 297 P2d 1073, 299 P2d 1076 (1956). Reading ORS 19.029 and 19.125 (3) together, it is clear that since trial de novo on equity appeals is specifically required by ORS 19.125 (3), the latter provision takes precedence over the general language of ORS 19.029, so far as equity appeals are concerned.

■ Second, an examination of the history of ORS 19.029 and 19.125 from their first enactment in 1862 (General Laws of Oregon, ch 6, p 274 (Civ Code) (Deady 1845-1864)) down to the latest amendment of ORS 19.029 (Oregon Laws 1973, ch 207, p 349), together with an examination of the decisions of our Supreme Court construing these provisions over the same period, shows that so far as equity appeals are concerned trial de novo on the entire record is still the law in this state, and that an appellant is required to provide the appellate court with a complete transcript of the testimony and evidence below.

Third, this conclusion is further strengthened by an examination of the legislative history of a proposal in 1958 to abolish de novo review of appeals in equity. Such a proposal was made by both the Legislative Interim Committee on Judicial Administration and the

Committee on Appellate Procedure Revision of the
Oregon State Bar② to the 1959 legislature as part of
a proposed bill containing numerous amendments deal-
ing with judicial administration. This proposal, how-
ever, was rejected by both the House and Senate.③

As our Supreme Court observed in *Evergreen Tim-
ber v. Hood River Co.*, 246 Or 11, 423 P2d 963 (1967):

> "While Evergreen's appeal challenges only the
> finding of adverse possession, the appeal reopens
> the whole record, and since the suit is one in equity,
> we are required to consider it *de novo* on the record.
> * * *" 246 Or at 12.

Without having before us all the testimony and
evidence considered by the trial judge we have no
proper basis for determining whether the court erred
in any of its findings of fact and conclusions. *See, Rea
v. Rea,* 195 Or 252, 245 P2d 884, 35 ALR2d 612 (1952);
*Wood v. School District No. 13 et al.,* 107 Or 280, 214
P 589 (1923); *Wyatt v. Wyatt,* 31 Or 531, 49 P 855
(1897); *Shiffer v. Birch,* 5 Or App 206, 483 P2d 478
(1971); *Nichols v. Nichols,* 3 Or App 103, 471 P2d 841
(1970).

■ Accordingly, we are limited in our review to
the contents of the trial court file, including the plead-
ings. Directing our attention to the pleadings, plain-

---

② *See,* Oregon State Bar Committee Reports (1958), pp 8-16.

③ An examination of legislative records indicates that En-
grossed Senate Bill 84 as passed in its final form did not eliminate
de novo review in equity appeals. The bill as originally passed by
the Senate did contain the provision eliminating trial de novo.
However, the House Judiciary Committee amended the bill to
strike the provision eliminating de novo review, and the bill was
passed by the House as so amended. Thereafter the Senate con-
curred in this House amendment and repassed the bill. Minutes,
House Committee on the Judiciary, SB 84, April 28, 1959; Min-
utes, Senate Committee on the Judiciary, SB 84, May 4, 1959.

tiff's argument in support of her first assignment is that since defendant Burke did not ask for affirmative relief in her answer, or prove that she was entitled to such relief, the trial court was precluded from requiring in its decree that

"If said property shall be sold prior to the death of defendant, Edna Burke, the present value of Edna Burke's life estate is determined to be three thousand ($3,000) dollars as of the date of this decree."

Plaintiff's contention cannot be sustained.

■ This is an equitable proceeding. Plaintiff has come into a court of equity seeking equitable relief in the nature of a judicial declaration of a constructive or resulting trust. The trial court had full power to adjudge the rights and obligations of all parties to the proceedings within the issues framed by the pleadings, regardless of specific prayers. *Federici et ux v. Lehman et al,* 230 Or 70, 368 P2d 611 (1962). By her answer defendant Burke denied that she received and now holds the property in trust for decedent's heirs, and claimed that she was the owner of an undivided one-half interest in the property. The same was true as to defendant Brown. It is not necessary that defendant Burke have pleaded and prayed for affirmative relief for the court to enter the decree in the form in which it was rendered. An equity court has the power to shape its decree so that one who seeks equity may be compelled to do equity. *Brown et ux v. Hassenstab et ux,* 212 Or 246, 319 P2d 929 (1957).

Secondly, as to the alleged failure of defendant Burke to offer sufficient evidence to prove that she was entitled to such relief, we have already stated that without a complete transcript we have no proper basis

for determining whether the court erred in its findings of fact.

Plaintiff's second assignment must also fail for the same reasons previously set forth.

Affirmed.

FORT, J., specially concurring.

■ In addition to joining in the court's opinion, I also join in that portion of Judge HOLMAN's opinion in which he concludes the failure of plaintiff to comply with ORS 19.029 precludes our consideration of the second point set forth in the Notice of Appeal.

HOLMAN, J. (Pro Tempore), specially concurring.

I do not concur with that part of the majority opinion which holds that there cannot be a trial de novo on particular limited points without bringing upon appeal the entire record. The majority may be right, but in my opinion insufficient research has been made to determine whether the long-standing rule which it follows is still viable under our present revised appellate procedure. However, I reach the same result by a different means.

The plaintiff designated only a partial record in her notice of appeal and failed to include therein, as required by ORS 19.029 (1)(e), "A plain and concise statement of the points on which the appellant intends to rely * * *." On appeal the appellant may rely on no other points than those set forth in such statement unless he designates the entire record, in which case he need not make any statement of points. The reason appellant must include such points in his notice of appeal or be barred from raising them on appeal is that in the absence thereof respondent has no means

of protecting his record by designating any balance of the record which may relate to them.

■ On appeal plaintiff relies on two points: (1) there were insufficient pleadings to justify the court's determination that defendant Burke was entitled to money advanced for the benefit of the property in the event it should be sold during Burke's life estate; (2) there was no evidence from which the court could find that the defendant Burke was entitled to a life estate. The insufficiency of the pleadings can probably be raised without any statement of points. The majority disposes of this contention satisfactorily. The second point was not included in plaintiff's notice of appeal or in any subsequent statement provided for by ORS 19.029. As a result, this court cannot give it consideration because we do not have the entire record and defendant had no notice upon which she could designate any balance of the record which might relate to that point.

For this reason, I concur with the result of the majority opinion.