. Argued April 10; reversed May 21, 1946

HILTON ET UX. *v.* LINCOLN COUNTY ET AL.

(169 P. (2d) 329)

*Frank H. Hilton,* of Portland, in propria persona (with George B. McCluskey, of Toledo, on brief), for plaintiffs-appellants.

*L. G. English,* District Attorney, of Toledo, for Lincoln County, defendant-respondent.

*Carey Martin,* of Portland (Crum, Dusenbery & Martin, of Portland, on brief), for Hazel V. Clifford, defendant-respondent.

Before BELT, Chief Justice, and KELLY, BAILEY, BRAND and HAY, Justices.

KELLY, J.

There is but one question to decide in this case and that is whether plaintiffs, in good faith and without fault on their part, applied to the proper officer for the purpose of paying the taxes involved herein and were prevented from making such payment by the mistake of such officer.

The taxes in controversy were levied upon certain real property owned by plaintiff Frank H. Hilton, in Lincoln County, Oregon, for the years 1935, 1936, 1937 and 1938. The description of the property as it appears upon the tax rolls for those years is as follows:

"Tracts 13, 14 as described in the Deed Record No. 59 page 496 Tract 18 as described in Deed Record No. 57, page 237 Tract 21 as described in Deed Record No. 61, page 581, exc. part sold."

On October 19, 1939, plaintiff Frank H. Hilton, who hereinafter will be referred to as plaintiff, mailed a letter to the sheriff and tax collector of Lincoln County, a copy of which is as follows:

"October 19, 1939

Sheriff
Toledo
Oregon
Dear Sir:
Sec. 18. I wish to secure a tax statement covering Lots 3, 4 and 5, in Township 13, South Range 11 West of the Willamette Meridian, but excepting the property taken by the State for right-of-way and park purposes which consists of some 19 acres, more or less, and excepting the property deeded to

John P. Preston and about one quarter acres formerly owned by Mrs. Graff. This property is possibly assessed to Jessie L. Baker but I hold a deed to it. I do not wish a statement covering the east half of the northwest quarter of section 18.

I also want a statement covering about nine (9) acres lying south of the tract, also in the Baker name.

I desire to pay whatever is required to avoid foreclosure.

> ·Yours truly,
> Frank H. Hilton.''

(The abbreviation and numerical characters ''Sec. 18'' appearing in line two of the foregoing letter are interlined in pencil in the carbon copy thereof on file herein; and the word ''possibly'' appearing in line seven is also an interlineation in pencil in said carbon copy. The original letter is not in the record.)

In answer to the foregoing letter a tax statement was sent to plaintiff by the sheriff.

On October 26, 1939, plaintiff returned that tax statement accompanied by a letter of which the following is a copy:

> ''October 26, 1939.

Mr. George A. Robinson
Sheriff
Toledo, Oregon
Dear Sir:

I am returning a tax statement sent me for your reference as I do not understand it and would like to get this tax situation cleared up.

I, in fact, am the owner of Lots 3, 4 and 5 and Lot 1 named in the tax statement, except the former Graff property of 1 and 1/4 acres and the John P. Preston property of 3 acres, and the property sold or taken by the State Highway Commission. The property in Lots 3, 4 and 5 assessed to Jessie L.

Baker and the other property not assessed to her but sold to me or otherwise is also mine, except for the Graff and Preston property. about a year ago I was supposed to have paid the taxes up to 1935, but perhaps some was missed.

What I want to do is get a statement so as to pay up whatever is necessary to save a foreclosure, and I would also like to pay the 1939 taxes in full.

I do not want to pay on any of the remaining 80 acres in the Baker name, there being an additional 80 acres assessed to Jessie L. Baker in addition to the property I have mentioned.

As the statement you have sent me, which I am enclosing, is only for 1939 and as it is apparent from the memorandum that there is something further to pay, I will be glad to get a statement as to the entire sum which is required.

Yours very truly,<br>Frank H. Hilton.''

To the foregoing letter the following answer was made:

''October 27, 1939.

''Frank Hilton
Porter Bldg;
Portland, Ore.

Dear Sir:

The enclosed statement has all of the taxes listed for Lots 4, 3 & 5 Sec 18 TWP 13 S. R. 11 W. and Lot 1, Sec. 19, TWP 13 S. R. 11 W. for the years 1930 to 1939 inclusive. The adding machine tapes (attached) gives the full amount of the tax and also the amount necessary to keep this property out of the foreclosure.

The amount necessary to keep out of the foreclosure for Lots 3, 4, 5, is $46.65 and for Lot 1, $49.80, the total amount would be $121.62, but I would suggest that, after you pay enough to save from foreclosure, that you pay the 1938 and $\frac{1}{4}$ of

the oldest year and thus save the interest on the old years.

Very truly yours,
C. B. Arthur, Tax Deputy.''

The plaintiff then enclosed his check for $74.82 in a letter of which the following is a copy:

"November 1, 1939

Mr. C. V. Arthur
Tax Deputy
Court House
Toledo, Oregon
My dear Mr. Arthur:

I am herewith enclosing your tax statement, together with my check for $74.82, which you say is sufficient to keep this out of foreclosure.

I also note that you suggest that I pay the 1938 taxes and $\frac{1}{4}$ of the oldest year's to save back interest, so if you will send me statements covering this, I will be much obliged.

A deed was recently recorded to John P. Preston and it is this property and any property in my name and Lots 3, 4 and 5 and Lot 1 upon which I wish to pay taxes. I do not want to pay taxes on the three acre tract formerly in the name of John P. Preston, or on the $1\frac{1}{4}$ acre tract formerly owned by Charles Graff.

Thanking you for your trouble,

FHH JM                          Yours very truly,
Enclosures 2                     Frank H. Hilton.''

To the letter last above cited, the sheriff made answer as follows:

"November 2, 1939.

Frank H. Hilton
Attorney-at-Law,
Porter Building
Portland, Oregon
Dear Sir:

We are in receipt of your check in the amount of

$74.82, which was to redeem your property from foreclosure according to the statement enclosed with your check.

We find, upon making the receipts, that the statement was in error for the 1935 tax on lots 3, 4, 5, section 18, making your remittance short $10.98. Will you please send us that amount so that we can complete your receipts and mail them to you.

As you requested, the amount of the 1928 tax and one-fourth of the oldest year (1930) for lot 1, section 19, is $8.58, including interest to November 15, 1939.

> Your very truly,
>
> Geo. A. Robinson, Sheriff
> By E. Dick        Deputy.''

To the sheriff's letter, last above set forth, plaintiff replied as follows:

> "November 4, 1939
>
> Mr. Geo. A. Robinson
> Sheriff
> Toledo, Oregon
> Dear Sir:
>
> Answering yours of November 2nd, I am enclosing my check for $10.98, to cover the error you mentioned.
>
> FHH j m                     Yours very truly
> Enclosure.                  Frank H. Hilton.''

Notwithstanding plaintiff's effort to pay his Lincoln County taxes, as shown by the foregoing correspondence, the taxes upon the property involved herein became delinquent and were foreclosed. Later, the property was sold by Lincoln County to defendants, Eugene and Hazel V. Clifford, as tenants by the entirety. During the pendency of this suit defendant Eugene Clifford died.

622

The mistake made by the Lincoln County sheriff and tax collector arose because the assessor in preparing the assessment rolls did not list plaintiff's property on said rolls as being situate in Lots 3, 4, & 5 of Section 18, Township 13, South Range 11 West of the Willamette Meridian.

The description assigned by the assessor to plaintiff's property is as first hereinabove stated.

The tax rolls which the sheriff examined in order to answer plaintiff's request for a tax statement disclosed assessments of property in Lots 3, 4 and 5 of Section 18, and Lot 1, Sec. 19, Tp. 13 S. R. 11 W. as stated in the sheriff's letters of October 27 and November 2, 1939; but, as stated, the assessments in plaintiff's name were upon property described as tracts and not as lots.

Despite the express statement in plaintiff's letter of November 1, 1939, to the effect that it was the property described in the Preston deed *and any property in plaintiff's name* in Lots 3, 4 and 5 and Lot 1 upon which plaintiff wished to pay taxes, the sheriff did not call plaintiff's attention to the fact that assessments in plaintiff's name were upon the tax rolls for the years 1930 to 1939 wherein the assessed property was designated as tracts and reference was made to the page and volume of the deed records wherein presumably a full description of the assessed property could be found.

We think plaintiff's letters clearly indicate that he desired a tax statement covering all property in said Lots 3, 4, and 5 owned by him. Checking the reference to the deeds which accompanied the tract numbers in the assessments in plaintiff's name and reporting the result of such checking would have obviated the necessity for the instant case even though the descrip-

tions set forth in such deeds made no express mention of the fact that the property therein described actually is situate in and comprises part of said lots. In point of fact, a statement by the sheriff to plaintiff that assessments against plaintiff were upon the tax rolls wherein the assessed property was designated by tracts bearing certain numbers accompanied by reference to the deed records, as stated, would have afforded plaintiff the information to which he was entitled.

██ In this regard, we do not impute wilful misrepresentation to the sheriff or any of the staff. Reliance, however, upon the information given plaintiff by the sheriff was justified and the sale of plaintiff's property should not be upheld.

> "If the owner of land  *  *  *  applies in good faith to the proper officer for the purpose of ascertaining the amount of the taxes and paying the same, and is prevented by such officer's mistake, *  *  * such attempt to pay is generally regarded as equivalent to payment; at least so far as to invalidate any subsequent sale of the property for such taxes." Vol. 3, Cooley on Taxation, 4th Ed. p. 2533, Sec. 1272, and authorities there cited.

█ Giving plaintiff's attempt to pay his taxes the effect of actual payments renders void *ab initio* the subsequent proceedings culminating in a deed from Lincoln County to defendants Clifford; and hence the statute of limitation sought to be invoked by defendants is inapplicable and of no force.

The decree of the circuit court is reversed and it is ordered, adjudged and decreed that said deed by Lincoln County to defendants Clifford, purporting to convey to said defendants, Clifford, the premises in

suit, be and the same is hereby declared to be void and of no force, virtue or effect.

It is further ordered, adjudged and decreed that the amounts paid by checks to the sheriff and the money deposited in court by plaintiff be applied upon the taxes against the property of plaintiffs involved herein for the years 1930-1939 inclusive.

And it is further ordered, adjudged and decreed that plaintiffs recover judgment against defendants for their costs and disbursements herein.