Argued October 2, affirmed November 7, 1962

# KERN COUNTY LAND COMPANY ET AL v. LAKE COUNTY

## LAKE COUNTY

375 P. 2d 817

*Theodore R. Conn,* Lakeview, argued the cause and filed briefs for appellants.

No appearance for respondent.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Lusk, Justices.

O'CONNELL, J.

Plaintiffs seek a declaratory judgment adjudicating the rights of the parties to certain real property. The relief sought is precisely the same as that prayed for in a suit to quiet title.

The case was submitted on stipulated facts which were substantially as follows. The defendant sold the land in question to plaintiffs' predecessors in interest after tax foreclosure proceedings. In each conveyance the defendant expressly reserved to itself "all the coal, oil, gas and other minerals on, in or under

said land, and the right to * * * remove the same."
After these conveyances were made plaintiffs or their
predecessors in interest instituted suits to quiet title
in 1946, 1953 and 1958. In the first two of these suits
the defendant failed to answer or otherwise plead.
The decree entered in those cases adjudicated that
the defendants, including Lake county, had no right,
title or interest in and to the real property desig-
nated in those suits. Plaintiff Kern County Land
Company instituted the third suit in 1958 to quiet
title to the remaining portion of the land herein
designated. Lake County, Oregon was duly served as
a defendant in that suit and appeared by filing a
demurrer to the complaint. The demurrer was over-
ruled. Lake county made no further appearance. It
was held in default and a final decree was entered
on September 22, 1958 adjudicating that it and the
other defendants had no right, title or interest in or
to the land designated in the suit. Plaintiff Kern
County Land Company, having record title to all the
land involved in the present suit, conveyed it to plain-
tiff Sinton & Brown Co. on November 21, 1958, but
reserved to itself an undivided one-half interest in
the oil, gas and other minerals.

The plaintiffs take the position that the three suits
to quiet title referred to above terminated any in-
terest Lake county may have had in the real property
in question.

Defendant contends that it enjoys sovereign im-
munity as a political subdivision of the state and that
therefore the default decrees entered in the prior pro-
ceedings are not binding upon it. The lower court so
held and entered a decree declaring that the defend-
ant county has the "full right, title and interest as
against any claim of the plaintiffs in and to all of the

coal, oil, gas and other minerals" in the real property in question.

■ It is clear that a county cannot be sued without its consent unless the legislature lifts the immunity by general law.[1] Therefore, if the defendant county is subject to suit it must be by virtue of statutes in force at the time the several suits to quiet title were brought against it.

■ ORS 203.010 provides that "[e]ach county is a body politic and corporate for the following purposes: (1) To sue and be sued * * *." This section is not a general legislative waiver of the county's immunity from suit. Other statutory provisions to which we shall presently direct our attention make it clear that the legislature intended to permit suits against the county only within certain prescribed limits at the time the quiet title suits were brought. The question is whether any such statutory abnegation of immunity is applicable to the suits in question in this case.

ORS 30.360 provides:

"* * * * * (2) In any suit, action or proceeding brought in any circuit court of this state involving the title to real property where the state or a state agency has record title to contested real property, the state may be made a party defendant, and its rights or interests adjudicated."

Here we have a specific authorization for suit against the state in cases involving the very type of question presented in the suits to quiet title brought against the defendant county in 1946, 1953 and 1958. But assuming without deciding that the statute was intended to include suits against counties as well as against

---

[1] Rapp v. Multnomah County, 77 Or 607, 152 P 243 (1915).

the state, it is not applicable in the present case because it was enacted in 1959[2] after the decrees were entered in the suits to quiet title brought against defendant.[3]

■ Provision is made in ORS 105.605 for the bringing of suits to quiet title but the statute contains no express provision for bringing suits of that character against the county and there is nothing in the statute from which such an authorization can be implied.[4]

---

[2] Oregon Laws 1959, ch 586 § 2.

[3] Another subdivision of the same section was then in force. ORS 30.360 (1) provides as follows:

"(1) In any suit, action or proceeding brought in any circuit court of this state, affecting the title to real property on which the state or a state agency has, or claims to have, a lien, other than a suit, action or proceeding to foreclose tax liens or special improvement liens, the state may be made a party defendant, and its rights or interests adjudicated. When property has been or is acquired in the name of the state upon which there are valid, unpaid special improvement liens at the time of the acquisition, the state may be made a party defendant in a suit to foreclose the lien."

However, this subsection has no application in the present case because no lien is involved.

[4] In fact, a contrary implication would seem to be indicated since ORS 105.605 includes a provision authorizing a county to bring suits to quiet title. ORS 105.605 reads as follows:

"Any person claiming an interest or estate in real property not in the actual possession of another may maintain a suit in equity against another who claims an adverse interest or estate therein for the purpose of determining such conflicting or adverse claims, interests or estates. Any municipal corporation or county of this state claiming any interest or estate in real property which is not in the actual possession of another, including real property acquired by foreclosure of delinquent tax liens situated in the same county, may maintain a suit in equity against all persons who claim an adverse interest or estate in all or any part of the property for the purpose of determining the conflicting or adverse claims, interests or estates. One or more parcels may be included in one suit and the issue made by the pleadings in any suit by a municipality or county relating only to a certain parcel or part of the real property, shall be separately tried and determined upon motion of any interested party."

The statute which most closely bears upon the question of the right to bring suit against a county is ORS 30.320. This section reads as follows:

"A suit or action may be maintained against any county * * * upon a contract made by the county in its corporate character * * * and within the scope of its authority, and not otherwise * * *."[5]

■ Plaintiffs argue that a deed is a contract and that therefore the present case is brought within the terms of ORS 30.320. Not infrequently a deed is defined as a contract.[6] However, this is inaccurate.[7] Moreover, the suits to quiet title involved in the present case do not fall within the authorization of the statute, even if it be assumed that the legislature accepted the inaccurate definition of a deed. The cause of action, if any, which plaintiffs might have against the defendant is not shown to be based upon the reservation in the deed or upon any other provision in the deed. There is no basis for assuming that plaintiffs' claim to the coal, oil, gas and other minerals arose from any other instrument embodying the

---

[5] The clause "and not otherwise" has been construed as modifying "contract," i.e., that suit or action can be brought only upon "a contract * * * and not otherwise." Rapp v. Multnomah County, 77 Or 607, 152 P 243 (1915).

[6] See for example, Tyler v. Cate, 29 Or 515, 521, 45 P 800 (1896): "A deed is a contract which derives its binding force from and becomes operative by the mutual assent of the parties to it, and hence without acceptance of it by the grantee there can be no delivery."

[7] Halleck v. Halleck, 216 Or 23, 35, 36, 337 P2d 330 (1959); Anson, Contracts § 1, p. 3 (Knowlton 2d Am Ed 1887); Clark, Contracts ch 1, p. 8 (4th ed 1931); Hammon, Contracts § 7 (1902); Pollock, Principles of Contract 723, 724 (8th ed 1911); Tiffany, Delivery and Acceptance of Deeds, 17 Mich L Rev 103, 122 (1918).

Usually a deed is referred to as a contract in cases where it is asserted that acceptance is necessary to consummate delivery of title. But as pointed out in Halleck v. Halleck, supra, acceptance is not in fact necessary to transfer title by deed.

terms of a contract. Since plaintiffs' assertion of title is made in direct contradiction to the express terms of the reservation, it is more reasonable to assume that plaintiffs rest their claim upon a theory incompatible with the existence of mutual assent. It is our conclusion that the suits to quiet title upon which plaintiffs rely were not proved to be "upon a contract" within the meaning of ORS 30.320.

We find no other statutory authorization for the bringing of a suit to quiet title against a county. Plaintiffs call our attention to several cases in which this court has adjudicated questions involving interests in real property where the county was a party defendant.[9] However, in none of these cases was the issue of sovereign immunity raised. They cannot, therefore, be regarded as authority for the proposition relied upon by plaintiffs.

The decree of the lower court is affirmed.

[9] Otto & Harkson Realty Co. v. Josephine County, 207 Or 199, 295 P2d 875 (1956) (remove a cloud—refused on other grounds); Murphy v. Clackamas County, 200 Or 423, 264 P2d 1040, 266 P2d 1065 (1954) (quiet title—remanded to ascertain facts); Harriman v. Linn County, 200 Or 1, 264 P2d 816 (1953) (remanded for modification of decree quieting title); Knapp v. Josephine County, 192 Or 327, 235 P2d 564 (1951) (remove a cloud—refused on merits); Hilton v. Lincoln County, 178 Or 616, 169 P2d 329 (1946) (quiet title—granted).