Argued July 11, affirmed September 28, reargued December 5,
1966, former opinion withdrawn, affirmed
February 15, 1967

## JOHNSON ET AL v. STATE OF OREGON ET AL

418 P. 2d 509
423 P. 2d 964

EDWARD H. HOWELL, Judge Pro Tempore.

*C. Robert Altman,* Albany, argued the cause and filed briefs for appellants.

*Thomas C. Stacer,* Assistant Attorney General, Salem, argued the cause and filed a brief for respondents. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, HOLMAN and HAMMOND, Justices.

SLOAN, J.

This is a suit to determine the title to 240 acres of timber land in Lane county. The state claimed title to the land by virtue of a deed from Lane county following a tax foreclosure in 1943. The state also claimed by adverse possession. Plaintiffs alleged that the tax foreclosure proceedings were null and void because the required statutory notice of the proceedings were never given to plaintiffs as the true owners of the property and that the state, therefore, has no title to the property. They deny that the state can acquire title by adverse possession. The trial court concluded that the tax proceedings were valid. The court also found that the state had held adversely, but could not acquire title by that process because until 1959 no cause of action was available to plaintiffs by which the state could have been ousted. We think the state did and could acquire adversely and, therefore, we will not consider the foreclosure proceedings.

Before proceeding to state the reason for our decision, we call attention to the specific two year statute of limitation directed at tax foreclosure proceedings, Section 110-920 OCLA when this foreclosure was instituted, now ORS 312.230. Neither party has mentioned the statute and because of our decision we will not decide if that two year limitation applied to this case. *Elliott v. Clement,* 1944, 175 Or 44, 149 P2d 985, 151 P2d 739.

The authorities are uniform that the state can acquire title by adverse possession. 6 Powell, Real Property, 1965, § 1020, page 738; 5 Thompson, Real

Property, 1957 Replacement, § 2555, page 586; 4 Tiffany, Real Property (3rd ed 1939) § 1154, page 456. A case note at 26 Wash L Rev 231, collects most of the cases.

The case most frequently cited is *Stanley v. Schwalby,* 1893, 147 US 508, 13 S Ct 418, 37 L ed 259. The Supreme Court, in that case, held that it was not necessary for the government to be amenable to suit in order for it to acquire title in this way. Some courts have held that unless the particular sovereign can be sued, adverse possession will not attach. This has not been taken to include, however, the cases in which a cause is allowed against an agent of the state. See reference to Tiffany, *supra,* § 1154. However, our own court in *Stephenson v. Van Blokland,* 1911, 60 Or 247, 255, 118 P 1026, specifically ruled that the state could acquire by prescriptive right. *Salem Mills Co. v. Lord,* 1902, 42 Or 82, 69 P 1033, 70 P 832, recognized the right of the state to acquire but, in that case, held that the state had not been notoriously in possession for the required time. The *Salem Mills* case, in an exceptionally fine analysis by Mr. Justice WOLVERTON, held "[That] if the state is absolutely without title, and the plaintiff can show that it has a good title, it is impossible that the state could rightfully or lawfully authorize the defendants to possess, control, or utilize the property involved, and their authority must therefore fail.", and that a cause of action alleging such facts will, therefore, lie against agents of the state. 42 Or at pages 95 and 96.

■ Thus, plaintiffs present allegations, if true, would have sustained an action against the agents of the state claiming possession prior to the expiration of the 10 year statute of limitations; assuming that the limitation of Section 110-920 OCLA did not apply.

■ In the instant case we agree with the trial court that the state held the property in actual, open, notorious, hostile, continuous and exclusive possession in respect to the kind of property involved and for its uses. We think the record convinces that the state held property and occupied it "* * * as would the ordinary owner of the same type of land, taking into account the uses for which the land was suitable." *Norgard et al v. Busher et ux,* 1960, 220 Or 297, 304, 349 P2d 490, 494, 80 ALR2d 1161, 1167. The state utilized the land as it did other forest lands to the same extent as any owner of large forest acreage would do. It was held in typical land management. And, for all needed purposes, the state was in complete control and possession, not challenged in any way by these plaintiffs and in the same manner as the state "* * * would evince a purpose to hold dominion over the land * * *," as it would over any of its other similar lands. 4 Tiffany, Real Property, *supra,* § 1142, at 425. The state has established its right to the property by adverse possession and for that reason the case is affirmed.

## ON REHEARING

On appellants' petition for rehearing.

*C. Robert Altman,* Albany, argued and reargued the cause for appellants. With him on the brief were Goode, Goode & Altman, Albany.

*Thomas C. Stacer,* Assistant Attorney General, Salem, argued and reargued the cause for respondents.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

SLOAN, J.
Shortly after our original decision in this appeal

the three similar cases from Hood River County[①] were submitted. These cases presented the same issues as the instant case. The scope of the arguments in all of the cases intensified the need to re-examine the problems caused by our tax foreclosure cases and caused us to doubt that our original decision relative to the state's adverse possession was correct. Accordingly, we allowed the petition for rehearing in this case to enable us to consider it *in pari materia* with the other three cases. Our solution to the problem is now found in the opinion in *Hood River County v. Dabney,* decided February 15, 1967, 84 Adv Sh 179, 246 Or —, 423 P2d 954. That solution makes it unnecessary to consider the augmented arguments about the state's adverse possession and our original opinion is withdrawn.

The record in the case relative to the original tax foreclosure reveals that the foreclosed real property was placed on the Lane county foreclosure list on April 14, 1941, as provided by § 110-902, OCLA. The owners of the property named on the foreclosure list were prior owners, not the plaintiffs. The property had been conveyed to plaintiffs by a deed dated and recorded on January 16, 1941. On February 14, 1942, when the sheriff of Lane county received the tax roll, plaintiffs' names were listed as the owners of the property. On February 16, 1942, Lane county filed its application for a general decree of foreclosure. Section 110-905, OCLA. The property in question was included in this application and the prior owners of

---

① Deardorff v. Hood River County, decided February 15, 1967, 84 Adv Sh 175, 246 Or —, 423 P2d 952; Evergreen Timber Company, Inc. v. Hood River County, decided February 15, 1967, 84 Adv Sh 205, 246 Or —, 423 P2d 963; Hood River County v. Ila N. Dabney, et al., decided February 15, 1967, 84 Adv Sh 179, 246 Or —, 423 P2d 954.

the property were listed in the foreclosure application, not the plaintiffs. Notice of the foreclosure proceeding was published in the name of the prior owners. Section 110-905, OCLA provided that the person whose name appeared on the latest tax roll shall be treated as the owner of the property in the foreclosure proceedings.

Plaintiffs have never been in possession of the property.

■ Plaintiffs' case is based on the theory that the foreclosure was void because they were not named in the foreclosure proceedings because their names appeared on the tax roll two days before the application for foreclosure was filed and that the failure to name them in the application and the published notice of foreclosure invalidated the foreclosure of the property. Our decision in *Hood River County v. Dabney, supra,* makes it unnecessary to decide whether or not the foreclosure proceeding was void. It is barred by ORS 312.230.

This case was filed prior to the date that the 1961 amendment to the limitation statute, ORS 312.230 was enacted. The specific holding in *Hood River County v. Dabney, supra,* was directed at the efficacy of the 1961 amendment to ORS 312.230. However, in the instant case, the state did contend that the statute as it existed before the 1961 amendment was a bar to this action.

The amendment to ORS 312.230 found in Oregon Laws 1961, ch 718, p 1475, added to the two year limitation a provision that any action must be filed within six months of the effective date of that amendment. The amendment to ORS 312.230 is merely a part of the emphatic statement of legislative policy

and intent otherwise expressed in Chapter 718. These policies were examined and applied in *Hood River County v. Dabney, supra.* As we stated in the opinion in the latter case, the most emphatic statement of policy is that codified at ORS 312.220:

> "Any judgment and decree for the sale of real property to the county, on foreclosure for delinquent taxes, is conclusive evidence of its regularity and validity in all collateral proceedings, except where the taxes have been paid or the property was not liable to assessment and taxation. The judgment and decree is prima facie evidence that the taxes have not been paid and that the property was subject to taxation at the time it was assessed. The judgment and decree shall estop all persons raising objections thereto, or to the title based thereon, which existed at or before the date of the judgment and decree and could have been presented as an objection or defense to the application for the judgment and decree."

■ This statute was originally enacted in 1907. Oregon Laws 1907, ch 267, § 54. Until our decision in *Hood River v. Dabney, supra,* this court had not correctly applied this statutory policy as it has been reflected in the statutory time limitation for beginning an action of this kind. The statute limiting the time for challenging the tax foreclosure decree in respect to the property involved in the instant case, Section 110-920, OCLA, was just as effective then as the present statute is today.

■ *Hood River County v. Dabney, supra,* cannot be limited to cases filed after the 1961 amendment. That decision removes the previously existing restraints on the statute of limitations as a bar to overdue challenges to tax foreclosure proceedings. Our past decisions like *Elliott v. Clement,* 1944, 175 Or 44, 149 P2d 985, 151

P2d 739, as well as *Evergreen Timber Co. v. Clackamas Co.,* 1963, 235 Or 552, 385 P2d 1009, failed to recognize the import of the statutory limitations on actions to invalidate tax foreclosures. These, and similar cases, must now be overruled.

This action is barred by the statute of limitations.

Affirmed.