Argued November 2, 1966, affirmed February 15, 1967

# DEARDORFF, *Appellant, v.* HOOD RIVER COUNTY, *Respondent.*

423 P. 2d 952

*Kenneth M. Abraham,* Hood River, argued the cause for appellant. With him on the brief were Parker & Abraham, Hood River.

*Carl R. Neil,* Portland, argued the cause for respondent. With him on the brief were John F. Cush-

man, District Attorney, Hood River, and Gunther F. Krause and Krause, Lindsay & Nahstoll, Portland.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is a suit to quiet title to certain real property situated in Hood River county. Defendant, Hood River county, counter-claimed, asking that its title to the property be quieted. Plaintiff appeals from a decree denying him relief and granting the relief requested by defendant.

Defendant, in September 1928, sought to foreclose certain delinquent tax liens on property located in Hood River county, including a parcel owned by Pearl Neale, plaintiff's predecessor in interest. The summons was published and a copy was mailed to Pearl Neale at her last known address. The summons directed that the named owner of the property appear within six weeks of the date of first publication of the summons. The applicable statute, however, required that a defendant be given at least 60 days in which to appear. The published summons was also defective in that it described a larger tract than that owned by Pearl Neale, though it included all the land to which Pearl Neale claimed title.

Pearl Neale made no appearance in the foreclosure proceedings and a decree of foreclosure was entered against the property on November 28, 1928, which was 76 days after the date of first publication of the summons and 75 days after summons was mailed to Pearl Neale. Thereafter the property was sold to defendant

county and a sheriff's deed conveying the property to the county was recorded on December 31, 1928.

Plaintiff, who is the grantee of Pearl Neale, claims that under the statute then in effect the decree of foreclosure was void on the ground that the notice was defective and on the further ground that the decree of foreclosure was entered two days prematurely.

Defendant bases its claim of title on two grounds: (1) The 1928 foreclosure and sheriff's sale to defendant, and (2) adverse possession since December 31, 1928.

Defendant demurred to the complaint for failure to state a cause of action, claiming that suit was barred both by laches and by ORS 312.230 (1). The lower court held that the inadequate description in the published summons, the failure to give the requisite notice, and the premature entry of the decree together constituted a jurisdictional defect which rendered the foreclosure decree void. The trial court further held that because the decree was void plaintiff's claim was not barred by ORS 312.230 (1), which provides that a suit to attack the validity of a tax foreclosure proceeding "shall be commenced within two years after the date of the judgment and decree of foreclosure and sale to the county or within six months from June 1, 1961, whichever is the later." However, the trial court held that defendant had acquired title by adverse possession for more than ten years. From this determination plaintiff appeals.

██ This case is controlled by our holding in *Hood River County v. Dabney,* decided this day. In that case we held that ORS 312.230 bars claims of delinquent owners not only when the tax foreclosure proceeding is infected with a mere irregularity, but also when the

defect is jurisdictional and the foreclosure decree is void. Therefore, even if we assume that the defects in the tax foreclosure proceeding in the present case were jurisdictional, the foreclosure decree and the county's title is free from attack because the period prescribed in ORS 312.230 has run.

Judgment affirmed.