Argued May 10, affirmed June 26, petition for rehearing denied
July 16, 1968, appeal dismissed, petition for writ of
certiorari denied by United States Supreme
Court February 24, 1969

MORGAN ET AL, *Appellants and Cross-respondents, v.*
BOARD OF FORESTRY, *Respondent and*
*Cross-appellant.*

443 P. 2d 236

*William B. Wyllie,* Salem, argued the cause for appellants and cross-respondents. With him on the briefs were Rhoten, Rhoten & Speerstra, Salem.

*Robert W. DeArmond,* Salem, argued the cause for respondent and cross-appellant. With him on the

briefs were Robert Y. Thornton, Attorney General, Thomas C. Stacer, Assistant Attorney General, and DeArmond, Sherman & Barber, Salem.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and RODMAN, Justices.

O'CONNELL, J.

This is a suit to declare void a tax foreclosure proceeding. Defendant, State Board of Forestry, seeks a decree quieting title to the property. Plaintiffs appeal from a decree upholding the foreclosure decree and quieting title in the defendant. Defendant cross-appeals from that portion of the decree rejecting its claim of adverse possession.

In December, 1941, Polk County instituted tax foreclosure proceedings on various parcels of property including an undivided one quarter interest of Ralph E. Williams, plaintiffs' predecessor in title. A summons was published on December 11, 1941, naming R. E. Williams as a party defendant and directing him to appear within a specified time. Early in 1942, prior to the completion of the foreclosure proceeding, the Board of Forestry acquired from Polk County a deed to an undivided three quarter interest in the disputed property, making the Board a tenant in common with Williams who held a one quarter interest in the same parcel.

Ralph E. Williams made no appearance and a decree of foreclosure was entered against the property on January 24, 1942. The following year, the sheriff sold the Williams' interest to Polk County and the deed was recorded on April 3, 1943. In 1964 Polk County deeded the interest to the Board of Forestry.

Plaintiffs contend that the decree of foreclosure was void because the summons published by Polk County failed to accurately describe the property. The correct description of the property is:

S ½ of the NW ¼ and the N ½ of the SW ¼ of Section 29, T. 9 S., R. 8 W. of Willamette Meridian in Polk County, Oregon.

In the published summons, the property was described as:

"S 1/2 of the *NW 1/2* and the N 1/2 of the SW 1/4 of Section 29, T. 9 S., R. 8 W.W.M., in Polk County, Oregon." (Emphasis added.)

Plaintiffs also claim that the method of giving notice of the foreclosure suit by newspaper publication was not a method reasonably calculated under the circumstances to apprise the parties of the proceeding and therefore did not meet the requirement of due process.

Defendant, Board of Forestry, answered arguing that plaintiffs' claim was barred by laches and estoppel and by the running of the statute of limitations provided for in ORS 312.230.[1] The defendant claims good title through the tax foreclosure suit and also by reason of adverse possession under ORS 12.050.

The trial court found that the defendant's defenses of laches, estoppel, and adverse possession were not

---

[1] ORS 312.230 provides as follows:

"(1) Every action, suit or proceeding, commenced for the purpose of determining the validity of a sale of real property on foreclosure for delinquent taxes, or to quiet title against such sale, or to remove the cloud thereof, or to recover possession of the property, shall be commenced within two years from the date of the judgment and decree of foreclosure and sale to the county, or within six months from June 1, 1961, whichever is the later.

"* * * * *

"(3) For all purposes this section shall be construed as a statute of prescription as well as a statute of limitation."

sustained by the evidence. However, the court further found that the foreclosure proceeding was free from attack by virtue of the statute of limitations contained in ORS 312.230.

Assuming, without deciding, that the error in the description in the published notice constituted a jurisdictional defect and rendered the tax foreclosure proceeding void as to Williams, plaintiffs are barred from recovery for the reasons stated in *Hood River County v. Dabney*, 84 Or Adv Sh 179, 246 Or 14, 423 P 2d 954 (1967).[2]

The decree of the trial court is affirmed.

[2] See also Deardorff v. Hood River County, 84 Or Adv Sh 175, 246 Or 7, 423 P2d 952 (1967); Evergreen Timber v. Hood River Co., 84 Or Adv Sh 205, 246 Or 11, 423 P2d 963 (1967); Johnson v. State of Oregon, 245 Or 618, 621, 423 P2d 964 (1967).