Argued May 7, reversed and remanded June 16, 1971

CITY OF NORTH BEND et al, *Appellants, v.*
COUNTY OF COOS, *Respondent.*

485 P2d 1226

JOHN C. WARDEN, Judge.

*Robert L. Thomas,* North Bend, argued the cause for appellants. With him on the briefs were Flaxel, Todd & Flaxel, North Bend.

*Robert E. Brasch,* District Attorney, Coquille, argued the cause for respondent. With him on the brief was Jerry O. Lesan, Deputy District Attorney, Coquille.

Before McALLISTER, Presiding Justice, and SLOAN,* O'CONNELL, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

O'CONNELL, C. J.

This appeal is from a judgment sustaining a demurrer to a complaint seeking equitable relief with regard to the title of certain tidelands in Coos county.

The essential facts of the complaint are as follows: The city of North Bend acquired the tidelands and other property by deed from defendant in 1942. The deed was properly recorded. It contained a provision that any property not used for the purpose of an airport within five years would revert to defendant.

---

* Sloan, J., resigned September 30, 1970.

In December, 1959, North Bend approached defendant about obtaining a release of its remaining interest in the property transferred in 1942. Defendant agreed to release its interest and executed a quitclaim deed to North Bend on January 14, 1960, in exchange for $4,000. Because of mutual mistake, defendant's remaining interest in only a portion of the property transferred to plaintiff in 1942 was included. About the first of 1968 the parties discovered their mistake. Plaintiff requested that defendant release its interest in all of the tidelands. Defendant refused. Plaintiffs allege that they are in possession of all the disputed property. They contend that the reversionary clause in the original deed clouds their title and that they should be allowed to quiet their title to the tidelands in question or to reform the 1960 quitclaim deed to include such lands.

Defendant demurred generally to the complaint on two grounds: (1) that plaintiffs failed to allege that defendant had waived its sovereign immunity, and (2) that the complaint failed to state a cause of action under any theory. The trial court sustained the demurrer without stating its reason.

1. Defendant concedes, however, that the complaint states a cause of action under ORS 105.605, the statutory provision authorizing suits to quiet title. We agree. Plaintiffs have alleged an interest in and possession of the disputed property and that defendant has an adverse claim. These allegations are sufficient for a suit to quiet title; it is unnecessary for a plaintiff to allege the source of his title.[1] The issue, then, is whether the first ground justifies sustaining the demurrer.

---

[1] Savage v. Savage, 51 Or 167, 94 P 182 (1908).

Plaintiffs contend that governmental immunity is no defense because the legislature has waived immunity by statute in this type of case. More specifically, plaintiffs argue that this case comes within the provisions of ORS 30.320, which waives immunity in suits upon contract. ORS 30.320 provides, in part:

"A suit or action may be maintained against any county and against the State of Oregon by and through and in the name of the appropriate state agency upon a contract made by the county in its corporate character, or made by such agency and within the scope of its authority * * *."

Plaintiffs' complaint alleges that plaintiff city made a request to defendant county for the release of defendant's "possible reversionary interest" in the property in question; that the request "was accepted by the defendant on condition that the City of North Bend pay to the defendant the sum of $4,000 and the city fully performed its part of said agreement by payment of said sum to the defendant." The complaint goes on to allege that the county executed a quitclaim deed to a part only of the land which was subject to defendant's reversionary interest. It is then alleged that the reversionary clause in the original deed to the city "placed a cloud upon the title of the plaintiffs"; that plaintiffs "are entitled to equitable relief to quiet their title to said land," and that defendant be required to convey said land to plaintiffs or to reform said deed "to include the omitted land."

The prayer for relief requests a decree (1) declaring plaintiffs to be the sole owners of the land in question; (2) that defendant's interest is inferior and subject to the rights of plaintiffs; (3) ordering defendant to execute a deed releasing any interest in the

land by reason of the reversionary clause in the original deed, and (4) reforming the quitclaim deed releasing defendant's reversionary interest to include the omitted property.

Defendant contends that the complaint is sufficient only to allege a cause of suit to quiet title and to remove a cloud from the title and does not contain allegations sufficient to allege a "suit or action * * * upon a contract made by the county." (ORS 30.320).

2. Although plaintiffs' request for relief is couched in the terms commonly found in a suit to quiet title or to remove a cloud therefrom, the complaint can also be regarded as a request for specific performance of defendant's agreement to execute a deed releasing its reversionary interest in the property.[2] Plaintiffs can establish clear title only if they can prove that a contract was made with the defendant county as alleged in their complaint. The suit is, therefore, basically a suit "upon a contract" and falls within the provisions of ORS 30.320.

This interpretation of ORS 30.320 comports with our previous pronouncement in *State v. Shinkle,* 231 Or 528, 539, 373 P2d 674 (1962) that the doctrine of sovereign immunity should "be held within the narrowest limits * * *."

Defendant argues that the present case is controlled by *Kern County Land Co., et al v. Lake County,* 232 Or 405, 375 P2d 817 (1962). That was a suit to quiet title in which plaintiff's claim did not rest upon

---

[2] Paragraph 3 of the prayer of plaintiffs' complaint requests a decree "ordering the defendant to execute and deliver to the plaintiffs a deed releasing and quitclaiming any interest in said property * * * by reason of the reversionary clause contained in said deed from defendant to the plaintiff."

a consensual arrangement with the defendant but upon some other theory. In that case we noted that the plaintiff's claim did not arise "from any other instrument embodying the terms of a contract," and we then concluded from the nature of plaintiff's assertions that plaintiffs rested their claim "upon a theory incompatible with the existence of mutual assent." 232 Or at 411.

The present case is clearly distinguishable because, as we have already pointed out, plaintiffs' claim is based entirely upon an alleged contract between them and the defendant county.

It is argued that the deed from the county to the city merged the contractual rights of the parties and thus precludes plaintiffs from relying upon the alleged agreement between plaintiff city and the county.

3, 4. The doctrine of merger should operate only where it is reasonable to assume that the parties contemplated the extinction of their contractual rights and duties upon the execution of the deed. That clearly cannot be assumed in the present case. If plaintiffs' allegations are supported by evidence, the quitclaim deed executed by the county failed to include the property in question and thus destroy the county's reversionary interest, not because the county purported to fulfill its contractual obligations but rather in violation thereof. Under the circumstances merger clearly does not apply.[9]

---

[9] Cox v. Bowman et ux, 213 Or 154, 323 P2d 60 (1958) is in point. In that case the court held that where a deed constitutes only a part performance of a pre-existing contract the unperformed provisions of the contract are not merged in the deed unless it is shown that the parties intended otherwise.

It is our conclusion, then, that plaintiffs' complaint can be construed as a suit "upon a contract" and that therefore the demurrer to the complaint should have been overruled.

Reversed and remanded.