Argued and submitted June 23, affirmed December 8, 1993

Edmund H. DUYCK
and Gertrude A. Duyck,
*Appellants,*

*v.*

TILLAMOOK COUNTY,
*Respondent.*

(90-2019; CA A74820)

865 P2d 370

Mark C. Hoyt argued the cause for appellants. On the brief was Wallace W. Lien.

Timothy M. Dolan argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Plaintiffs appeal from the trial court's judgment dismissing their quiet title action against defendant county on the ground that the county enjoyed sovereign immunity from the action. We affirm.

In *Kern Land Co. et al v. Lake County*, 232 Or 405, 375 P2d 817 (1962), the court held that counties are immune from quiet title actions, in the absence of specific statutory authorization or a waiver of the immunity, and it rejected the arguments of the plaintiffs based on a number of statutes that they contended authorized the actions. Among the statutes that the plaintiffs relied on in *Kern* was ORS 30.360(2). However, because it had not yet taken effect at the time of the material events in *Kern*, the court left open the question of whether that statute authorized quiet title actions against counties.

Plaintiffs now assert that ORS 30.360(2) does authorize such actions. It provided at the relevant time:[1]

"In any suit, action or proceeding brought in any circuit court of this state involving the title to real property where the state or a state agency has record title to contested real property, the state may be made a party defendant, and its rights or interests adjudicated."

Plaintiffs also rely on ORS 30.320, which provided at the time of the judgment:

"A suit or action may be maintained against any county and against the State of Oregon by and through and in the name of the appropriate state agency upon a contract made by the county in its corporate character, or made by such agency and within the scope of its authority; provided, however, that no suit or action may be maintained against any county or the State of Oregon upon a contract relating to the care and maintenance of an inmate or patient of any county or state institution. An action or suit may be maintained against any other public corporation mentioned in ORS 30.310 for an injury to the rights of the plaintiff arising from some act or omission of such other public corporation within the scope of its authority. An action may be maintained

---

[1] As discussed below, ORS 30.360(2) was later amended by Oregon Laws 1993, chapter 289, section 2.

against any governmental unit mentioned in ORS 30.310 for liability in tort only as provided in ORS 30.260 to 30.300."[2]

The specific question that the court left unanswered in *Kern Land Co. et al v. Lake County, supra,* was whether ORS 30.360(2) "was intended to include suits against counties as well as against the state." 232 Or at 408-09. Plaintiffs argue here that the answer should be yes, and assert that a county is a "state agency" within the meaning of the statute. We do not agree. ORS 30.310 and ORS 30.320 clearly differentiate between counties, on the one hand, and the state and its agencies, on the other hand. These statutes are part of the same statutory scheme as ORS 30.360(2), and the terms are presumptively used in the same sense in all of the statutes. Moreover, the distinction between the state and counties is not unique to this statutory scheme. *See, e.g.,* ORS 30.260. Counties and state agencies are distinct entities, and they are treated as such in the very statutes where plaintiffs attempt to find them treated synonymously.

Plaintiffs' reliance on ORS 30.320 focuses on the sentence:

"An action or suit may be maintained against any other public corporation mentioned in ORS 30.310 for an injury to the rights of the plaintiff arising from some act or omission of such other public corporation within the scope of its authority."

Although the breadth of that sentence might support plaintiffs' position if counties were "other public corporations" within the meaning of the statute, they are not. The conditions under which actions lie against counties and the state are specifically delineated in the material that immediately precedes that sentence. The words *"other* public corporations" in the sentence therefore do not include counties, and the authorization for actions against counties that the other provisions of ORS 30.320 grant does not include actions to quiet title.

---

[2] ORS 30.310 provides, as material:

"A suit or action may be maintained by the State of Oregon or any county, incorporated city, school district or other public corporation of like character in this state, in its corporate name, upon a cause of suit or action accruing to it in its corporate character, and not otherwise[.]"

ORS 30.320 was later amended by Oregon Laws 1993, chapter 289, section 1.

Plaintiffs also rely on ORS 203.010 and ORS 105.605. Analogous arguments based on those statutes were rejected, expressly or implicitly, in *Kern Land Co. et al v. Lake County, supra*, 232 Or at 408, 409 n 4.

Plaintiffs suggest that the Supreme Court's cases do not make absolute the principle that counties are immune from quiet title actions. They rely, *inter alia*, on *City of North Bend v. County of Coos*, 259 Or 147, 485 P2d 1226 (1971), and *Evergreen Tim. Co. v. Clackamas Co.*, 235 Or 552, 385 P2d 1009 (1963), *overruled on unrelated grounds, Johnson v. State*, 245 Or 618, 626, 418 P2d 509, 423 P2d 964 (1967). In those cases, however, the court explained that, over and above the quiet title allegations, there were *additional* factors that made the claims actionable under applicable statutes — an action on a contract under ORS 30.320 in *City of North Bend* and a foreclosure-related remedy under ORS 312.230 in *Evergreen Tim. Co.* No such additional factors are claimed to be present here.

■ Plaintiffs also argue that Oregon Laws 1993, chapter 289, is relevant here. That act amends ORS 30.320 and ORS 30.360 to expressly authorize quiet title actions against counties. However, these amendments took effect *after* the trial court's judgment was entered in this case and are not directly applicable here. Plaintiffs note, however, that this change in the law was made in response to the trial court's decision in this case. They contend that, in view of that, we should apply the principle of construction under which a legislative amendment that responds to a judicial interpretation of a statute is deemed probative of the intended meaning of the statute before it was amended. *See Kaiser Cement v. Tax Com.*, 250 Or 374, 443 P2d 233 (1968). However, even if the use of that principle of statutory construction would result in the interpretation that plaintiffs advocate, we may not use it here. As explained in our discussion of plaintiffs' arguments concerning the meaning of the two statutes before the 1993 amendments, their language and context were unambiguous. They did not authorize quiet title actions against counties.

The underlying theme of plaintiffs' arguments is that it is inequitable for counties to be immune from quiet title actions and that it makes no sense for every entity in the state to be able to bring quiet title actions or have such actions

brought against them, with the single exception that counties cannot be defendants in quiet title actions. Accepting that premise for argument's sake, we agree. So did the legislature when it waived the county's immunity from the actions through the 1993 amendments to ORS 30.320 and ORS 30.360. However, this court does not have the authority to amend the statutes that were applicable at the time of this proceeding, nor do we have the authority to overrule *Kern Land Co. et al v. Lake County, supra.*

Affirmed.