Argued and submitted September 10, 2008, reversed and remanded with respect to declaration of ownership of ranch property; otherwise affirmed February 25, 2009

### Frank R. ROBISON
### and Robert L. Ordway,
### *Plaintiffs-Respondents,*

#### *v.*

### Ronald C. ROBISON,
### *Defendant-Appellant.*

### Wheeler County Circuit Court
### 040018CC; A136153

203 P3d 280

Vernon Cook argued the cause and filed the briefs for appellant.

William J. Kuhn argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Ortega, Judge.

BREWER, C. J.

**BREWER, C. J.**

Plaintiff brought this declaratory judgment action against defendant, his stepson, to determine the ownership of a joint investment account and a parcel of real property. The trial court granted summary judgment in plaintiff's favor. Defendant appeals, asserting that evidence in the summary judgment record created genuine issues of material fact as to whether a joint account agreement, and a deed that plaintiff executed, immediately transferred gifted interests in those assets to defendant so that plaintiff could not later revoke those interests. Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to prevail as a matter of law. ORCP 47 C. We view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the non-moving party. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). For the reasons that follow, we reverse with respect to the declaration of ownership of the real property but affirm as to the ownership of the investment account.

In 1945, when defendant was a child, plaintiff married defendant's mother, A.R. In 1949, plaintiff and A.R. jointly purchased the real property at issue in this action (the ranch). On May 1, 1981, plaintiff and A.R. executed a warranty deed purporting to convey to themselves and defendant interests in the ranch of "one-third each, [as] joint tenants with the right of survivorship." The deed was recorded in the pertinent official county deed records on the same day.

Plaintiff and A.R. also jointly owned a Smith Barney investment account during their marriage. On January 15, 1985, plaintiff, A.R., and defendant each signed a joint account agreement that purported to make the account a "joint tenancy account with rights of survivorship."

A.R. died in 2002. Plaintiff filed this action in November 2004. In his complaint, plaintiff sought a declaratory judgment that he owned both the ranch and the investment account free of any claim or interest of defendant. In his deposition, plaintiff testified that A.R. had told him "that she got everything fixed up" so that the farm would not "have to go through probate." Plaintiff denied that he signed the 1981

warranty deed. Plaintiff also testified that he did not intend to give defendant a present interest in the ranch. Defendant, in turn, testified in his deposition that he did not work on the ranch, that he did not pay any ranch-related expenses, that he was not aware of the deed until after this action was commenced, but that he expected to inherit A.R.'s half of the ranch after both she and plaintiff died.

With respect to the investment account, plaintiff testified in his deposition that he did not sign the joint account agreement and that defendant had no interest in the account. Defendant testified that his signature appeared on the joint account agreement but that he did not recall signing it. Defendant further testified that he never contributed funds to, or withdrew funds from, the account. Defendant did not believe that he had an ownership interest in the account while plaintiff and A.R. were alive, but he understood that "he would get the account when they both passed away."

In April 2004, plaintiff executed a will in which he disinherited defendant for the reason that "he has otherwise provided for himself." Plaintiff died in July 2006.[1]

The issue framed by the parties' pleadings was whether defendant had acquired present interests in the disputed assets so that plaintiff's efforts to revoke the deed and joint account agreement were ineffective. The trial court granted summary judgment to plaintiff on the grounds that, with respect to each of the disputed assets, the evidence showed that two essential elements of a present gift from plaintiff and A.R. to defendant were lacking. The court reasoned:

> "First, [assuming that plaintiff did, in fact, sign the operative documents] there was no timely acceptance of either 'gift' by Defendant. He was not even aware of the existence of the warranty deed until about 24 years after it was executed. When he signed the documents pertaining to the investment account, by his own admission, Defendant didn't 'have the faintest idea what it was.' Defendant also testified that he did not consider himself to have an interest

---

[1] A personal representative was substituted as the plaintiff in this action after plaintiff's death.

in the investment account while [A.R.] and Plaintiff were alive.

"Second, as argued by Plaintiff, even when the evidence is considered in the light most favorable to Defendant, there is every appearance that here, as in [*Myers v. Weems*, 128 Or App 444, 447, 876 P2d 861, *rev den*, 320 Or 271 (1994)], what is before the Court are two awkward and ineffective attempts to avoid probate rather than efforts to effectuate *inter vivos* gifts."

(Footnote omitted.)

■ An *inter vivos* gift requires a present intent by the donor to make a gift that goes into effect immediately, delivery of the thing given or a document evidencing ownership to the donee, and, generally speaking at least, acceptance of the gift by the donee. *Myers*, 128 Or App at 447. In *Myers*, the plaintiff sought to cancel a deed that purported to make the plaintiff and the defendant joint tenants with the right of survivorship. *Id.* at 446. On *de novo* review after a trial on the merits, we found that neither the plaintiff nor the defendant (the plaintiff's daughter) intended that the deed would presently convey an interest in the property; rather, both parties viewed the deed as a means for the daughter to inherit the mother's property. *Id.* at 447-49. Given that evidence, we affirmed the trial court's decision to permit the plaintiff to cancel the deed. *Id.*

We initially observe that *Myers*, a case on which the trial court relied, is distinguishable from this case in an important respect. Unlike this case, *Myers* involved *de novo* appellate review of a trial court's decision after trial. Here, by contrast, the issue is whether the trial court correctly granted summary judgment to plaintiff based on the foundational premise that there were no genuine issues of material facts in dispute. In that circumstance, the court's task is not to weigh the evidence or to find the facts but, rather, to determine whether a triable issue of fact exists. With that distinction in mind, we focus separately on the evidence pertaining to each of the disputed assets. We begin with ownership of the ranch.

■ As to the first element of a valid gift, when a deed is recorded, there is a presumption that the grantor intended the deed to take effect and to pass title to the grantees.

*Halleck v. Halleck et al*, 216 Or 23, 28-29, 337 P2d 330 (1959); *Lancaster v. May, as Administrator*, 194 Or 647, 655, 243 P2d 268 (1952); *Hilterbrand v. Carter*, 175 Or App 335, 339, 27 P3d 1086 (2001); *see also* Herbert Thorndike Tiffany, 4 *The Law of Real Property* § 1044, 401 (3d ed 1975) (recording "amounts in effect to a statement that such action on the part of the grantor shows, *prima facie*, an intention on his part that the instrument shall be legally operative"). The terms of the recorded deed in this case are unequivocal and suggest only that intent, *i.e.*, an intent to convey immediately a (present and future) interest to the grantees. Such an interest cannot be defeated by any act of any cotenant, including the grantor. *Halleck*, 216 Or at 40-41; *Hilterbrand* 175 Or App 339-40; *see also* George W. Thompson, 8 *Commentaries on the Modern Law of Property* § 4241, 120-22 (1963) (upon delivery, title irrevocably passes to the grantee and the "grantor cannot make any change in a deed after its delivery to the grantee"). Accordingly, the recorded deed constituted *prima facie* evidence that plaintiff and A.R. intended to make a present transfer of an interest in the ranch to defendant at the time of the conveyance. Although plaintiff's testimony that he did not so intend may have been sufficient to create a triable issue of fact, that testimony did not, on summary judgment, conclusively overcome the countervailing inference arising from the recorded deed itself.

 Delivery, the second essential element of a valid gift of real property, requires a present intent to transfer an interest in the property. *See generally Halleck*, 216 Or at 28-35. However, despite the term's common usage, delivery refers to "a mental, not a physical process [and] describes the passage of a property interest * * * from the grantor to the grantee. The interest passes if the grantor manifests the intention to pass it immediately." *Id.* at 28; *Hilterbrand*, 175 Or App at 339 n 4. Thus, the execution and recording of the deed to the ranch constituted *prima facie* evidence in this case that plaintiff delivered a present property interest in the ranch to defendant.

 The only remaining issue involves the applicability of the element of acceptance. As discussed, the trial court concluded that plaintiff was entitled to prevail because defendant was unaware of the existence of the deed until after this

action was commenced many years following its recordation and, thus, defendant did not accept the gift before plaintiff attempted to revoke it. We disagree. Where a donative grantor records a deed, the requirement of acceptance by the grantee is eliminated. *Halleck*, 216 Or at 36. In *Halleck*, the court explained:

> "If it should occur that the vesting of title in the grantee is not beneficial to him or for some reason he does not wish to retain it, he may disclaim and revest the title in the grantor. American Law of Property, § 12.70; Tiffany, Real Property (3d ed.) § 1055-1061; *Garfield v. White*, 326 Mass 20, 92 NE2d 575 (1950). *See also*, Simonton, Transferring Title to Land By Deed, 36 W Va L Rev 343, 346-349 (1930). This appeals to us as the sounder approach and we hereby adopt it. Therefore, acceptance was not necessary to vest title in the plaintiff."

*Id.* at 36; *see also Kern Land Co. v. Lake County*, 232 Or 405, 410 n 7, 375 P2d 817 (1962). Accordingly, the evidence, viewed in the light most favorable to defendant, was sufficient to satisfy the requirements for a valid gift by deed. Hence, we conclude that the trial court erred in granting summary judgment to plaintiff with respect to the ownership of the ranch.

The analysis with respect to the ownership of the investment account is somewhat different. Unlike a deed conveying an interest in real property, the existence of a joint account agreement involving investment assets does not necessarily create an inference that the donor of the assets intended to transfer a present ownership interest to a donee. To the contrary, the common-law rule is that a donor depositor's creation of a joint financial account is not typically intended to be for the benefit of a donee signatory until the donor's death and that, absent evidence to the contrary, the donee is but a trustee of the account for the benefit of the donor during the donor's lifetime. *Greenwood v. Beeson*, 253 Or 318, 454 P2d 633 (1969) (so holding with respect to joint bank accounts); *see also Johnson v. Steen*, 281 Or 361, 575 P2d 141 (1978) (applying principle to certificates of deposit).[2]

---

[2] The legislature has codified that principle with respect to the nature of ownership of multiple-party joint accounts held in "financial institutions," in ORS 708A.465(1), which provides that "[a] joint account belongs, during the lifetime of

The evidence in this case is entirely consistent with that rule. As the trial court observed, even defendant acknowledged in his deposition that he contributed nothing to the account and that the gift was not to be effective until the deaths of both donor depositors, plaintiff and A.R. Based on that undisputed evidence, the trial court did not err in granting summary judgment to plaintiff with respect to the ownership of the investment account.

Reversed and remanded with respect to declaration of ownership of ranch property; otherwise affirmed.

---

all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent." In this case, the record does not disclose the precise nature of the assets that are held in the investment account. However, the record shows that the account is held with Smith Barney and not in a financial institution. *See* ORS 708A.455(1), defining "account," for purposes of ORS 708.465A(1), as a contract involving funds in a financial institution; ORS 706.008(12) (defining "institution" as "an Oregon commercial bank or an Oregon trust company"). Accordingly, ORS 708A.465(1) is not directly controlling.